433 A.2d 456

**William A. SCHMIDT, t/a A. J. Schmidt & Company, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Supreme Court of Pennsylvania.

Argued May 18, 1981.

Decided July 10, 1981.

Joseph K. Pierce, Harrisburg, for petitioner.

Robert Patrick Coyne, Deputy Atty. Gen., for respondent.

Before ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Commonwealth Court [1] which affirmed an order of the Board of Finance and Revenue dismissing an appeal from a reassessment of sales and use taxes levied upon the appellant, William A. Schmidt, t/a A. J. Schmidt and Company. A reassessment decision and order was issued by the Department of Revenue's Board of Review (hereinafter Department) pursuant to Section 232 of the Tax Reform Code of 1971.[2] Subsequently, the Board of Finance and Revenue received a petition for review of the reassessment decision. The petition was dismissed, however, on grounds that the Board of Finance and Revenue lacked jurisdiction over the appeal because the petition was not timely filed. The sole issue upon the instant appeal is whether the petition was, in fact, untimely.

■ Section 234 of the Tax Reform Code, 72 P.S. § 7234 provides: "Within sixty days after the *date of mailing* of notice by the department of the *decision* on any petition for reassessment filed with it, the person against whom such assessment was made may, by petition, request the Board of Finance and Revenue to review such decision." (Emphasis added). Department records revealed that the reassessment *decision*, accompanied by an undated transmittal letter, was mailed to appellant on the date of the decision, March 21, 1978. Subsequently, a *notice* of reassessment, dated March 24, 1978, was mailed. On May 23, 1978, the petition for review of the reassessment decision was received by the Board of Finance and Revenue. A petition for review under Section 234 is deemed filed only when it is actually received by the Board of Finance and Revenue. *Commonwealth v. J. & R. Equipment Rental Co.*, 28 Pa.Cmwlth. 558, 368 A.2d 1389 (1977), *aff'd* per curiam, 477 Pa. 442, 384 A.2d 240, *appeal dismissed*, 439 U.S. 804, 99 S.Ct. 60, 58 L.Ed.2d 97 (1978). *Commonwealth, Department of Revenue v. Niemey-*

1. *Schmidt v. Commonwealth*, Pa.Cmwlth., 422 A.2d 214 (1980).

2. Act of March 4, 1971, P.L. 6, § 232, 72 P.S. § 7232 (Supp.1981).

*er Oldsmobile, Inc.,* 12 Pa.Cmwlth. 388, 316 A.2d 152 (1974). Thus, if March 21, 1978 were used as the date of mailing and May 23, 1978 marked the date of filing the petition, the sixty-day period for appeal would clearly have been exceeded.

Appellant contends, however, that the Department had a duty to formally notify him of the date of mailing of the reassessment decision and that, in default of such notice, the date of mailing of the subsequent notice of reassessment should be regarded as the start of the sixty-day appeal period. Since the notice of reassessment was dated March 24, 1978, the petition was timely filed if the latter date commenced the appeal period.

█ Certainly, it is reasonable for the legislature to provide that the date of mailing of a reassessment decision shall commence the period for appeal. Implicit, however, is the duty of the Department to advise the taxpayer of the date of mailing. Without such notification, a taxpayer can have no reliable basis for knowing the number of days remaining in which to file a petition for review. At the extreme, a taxpayer receiving a decision from the Department could hand-carry a petition for review to the Board of Finance and Revenue the same day without knowing whether the petition would be timely filed, since the date of mailing would be unknown to him. In the instant case, the reassessment decision mailed to appellant indicated a *decision* date of March 21, 1978. Notwithstanding, appellant cannot be charged with the presumption that such was also the date of mailing. Indeed, a taxpayer acquainted with the pace of bureaucratic action might reasonably assume that a governmental department would rarely so hasten to mail a decision that the mailing date would be the same as the decision date.

█ The Commonwealth contends that the postmark on an envelope carrying a decision in adequate to indicate the mailing date. We disagree. At the time of receiving a

reassessment decision a taxpayer may as yet perceive no basis for appeal and therefore discard the envelope. Regardless, postmarks are so frequently illegible that they are not be regarded as a substitute for formal notification of the date in question on the decision or transmittal letter.

■ We do not believe that the legislature intended Section 234 to serve as a vehicle whereby an appeal could be dismissed, after reference to the Department's internal records revealing the mailing date, when the denial of such an appeal would be manifestly unjust to the taxpayer who was never informed of the mailing date. Knowledge of a decision's mailing date is *essential* to the taxpayer, and the effort required of the Department to indicate the relevant date on the decision or transmittal letter is negligible; hence, the legislature could only have contemplated that the Department would furnish the information that is crucial to the functioning of Section 234. In the instant case, the Department's failure to provide the requisite notice of the decision's mailing date justified appellant's reliance on March 24, 1978, the date of the subsequently mailed notice of reassessment, as the commencement of the period for appeal.

Order reversed.

ROBERTS, J., filed a concurring opinion.

O'BRIEN, C. J., and WILKINSON, J., did not participate in the consideration or decision of this case.

ROBERTS, Justice, concurring.

Mr. Justice Roberts concurs in the result, believing that the mailing of a dated notice of reassessment three days after the mailing of an undated notice of decision created an ambiguity which on this record should be resolved in favor of the taxpayer.