Howard Hanna, III, Appellant *v.* Zoning Board of Adjustment of Pittsburgh, Appellee.

Submitted on briefs October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Patricia McCommon, Nernberg & Laffey,* for appellant.

*D. R. Pellegrini,* Deputy City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellee.

OPINION BY JUDGE MACPHAIL, November 25, 1981:

Howard W. Hanna, III (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County which quashed his appeal from a decision of the Zoning Board of Adjustment of Pittsburgh (Board) as untimely filed.

The basis for Appellant's appeal to the court below was the denial of his application for a variance[1] by the Board in a decision dated December 4, 1980. The decision was mailed to Appellant along with a transmittal letter which was also dated December 4, 1980. Appellant filed an appeal with the common pleas court on January 13, 1981, alleging therein that he received notice of the Board's decision "on or about December 14, 1980."[2] Recognizing the possibility that the appeal

---

[1] Appellant requested a variance to permit occupancy of a 2½-story structure as a three-family dwelling. The structure is located in an R-2 zoning district which permits single or two-family dwellings.

[2] Appellant's brief informs us that the date of receipt was amended to read December *15,* 1980 at the proceeding held before the court below on January 28, 1981.

had been filed beyond the applicable 30-day appeal period, the court below, *sua sponte*,[3] issued a rule to show cause why the appeal should not be quashed. Although the trial court ordered a hearing on the rule, there is nothing in the record which indicates that any testimony or other evidence was received. The order of the trial judge quashing the appeal states that counsel for the Appellant advised the court that *Appellant* could not produce any credible evidence to establish that the Board's decision was sent on or after December 17, 1980[4] nor could *Appellant* prove when he received the decision.

The appeal period in the instant case is governed by Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b), which provides:

> *Other courts*—Except as otherwise provided ... an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken. ...

Also pertinent is Section 5572 of the Judicial Code, 42 Pa. C. S. §5572, which states:

> The date of service of an order of a government unit, which shall be *the date of mailing if service is by mail, shall be deemed to be the date of entry of the order* for the purposes of this subchapter. (Emphasis added.)

---

[3] The action of the common pleas court in issuing the rule *sua sponte* was proper since the failure to timely file an appeal deprives a court of its jurisdiction. *See Szura v. Zoning Hearing Board of Wyoming Borough*, 40 Pa. Commonwealth Ct. 172, 397 A.2d 33 (1979).

[4] By our calculation, the date of mailing would have to have been on or after December 14, 1980 in order to render the appeal timely. The common pleas court refers to December 17, 1980 as the relevant date, although the record discloses no reason for that reference.

Therefore, in the instant case, where service of the Board's order was by mail, the date of mailing would commence the appeal period.

Appellant argues before this Court, however, that since the *Board* has no record of the date its decision was actually mailed, the date of Appellant's *receipt* of the decision, should commence the appeal period. Furthermore, since Appellant alleged in his appeal to the common pleas court that he received the Board's decision within 30 days of the filing of his appeal, he argues the appeal should not be quashed.

The Board argues, on the other hand, that the transmittal letter which was dated December 4, 1980, and a copy of which was attached to Appellant's appeal petition, provides presumptive evidence that the decision was mailed on that date. The Board contends that it was Appellant's duty to rebut this evidence of mailing and that Appellant failed to sustain his burden. The Board further argues that even accepting Appellant's allegation that he received the decision on December 15, 1980 (a Monday), the decision would have to have been mailed by the Board no later than Friday, December 12, the last weekly business day of the Board. Therefore, the Board argues that the appeal, filed on January 13, 1981, was untimely and that Appellant's argument to the contrary is not supported by his own averments.

We believe that our disposition of this appeal is controlled by the Pennsylvania Supreme Court's recent decision in *Schmidt v. Commonwealth of Pennsylvania,*    Pa.   , 433 A.2d 456 (1981). In *Schmidt* the Supreme Court interpreted Section 234 of the Tax Reform Code of 1971 (Code),[5] 72 P.S. §7234, which, like the appeal provisions here at issue, commences the time period for filing petitions for review with the

---

[5] Act of March 4, 1971, P.L. 6.

date of mailing by the Department of Revenue of notice of a reassessment decision. The relevant facts in Schmidt revealed that the Department of Revenue had recorded in its internal records the date of mailing of the decision to Schmidt and that the decision itself contained a "decision date". The transmittal letter which accompanied the decision, however, was undated. Assuming that the decision date and the mailing dates were the same, the taxpayer's appeal would have been untimely.

In interpreting the appeal provision in the Code, the Supreme Court stated:

> Certainly, it is reasonable for the legislature to provide that the date of mailing of a reassessment decision shall commence the period for appeal. Implicit, however, is the duty of the Department to advise the taxpayer of the date of mailing. Without such notification, a taxpayer can have no reliable basis for knowing the number of days remaining in which to file a petition for review. . . . In the instant case, the reassessment decision mailed to appellant indicated a *decision* date of March 21, 1978. Notwithstanding, appellant cannot be charged with the presumption that such was also the date of mailing. (Emphasis in original.)

Schmidt, Pa. at , 433 A.2d at 458.

We think the Supreme Court's reasoning in Schmidt is equally applicable to an interpretation of Sections 5571(b) and 5572 of the Judicial Code. We believe that it was incumbent on the Board to include in the notification of its decision the actual date on which the decision was mailed to Appellant. We must further conclude that the date on the transmittal letter did not satisfy the Board's burden of proving that Appellant had notice of the date on which the decision was mailed. As was said in Schmidt, "Indeed, a tax-

payer acquainted with the pace of bureaucratic action might reasonably assume that a governmental department would rarely so hasten to mail a decision that the mailing date would be the same as the decision date." *Id.* at , 433 A.2d at 458. A corollary to the Supreme Court's conclusion that the decision date cannot be presumed to be the mailing date, is that a dated transmittal letter does not become a substitute for formal noification of the mailing date. Again, the Supreme Court stated in *Schmidt,* "Knowledge of a decision's mailing date is *essential* (emphasis in original) to the taxpayer, and the effort required of the Department to indicate the relevant date on the decision *or transmittal letter* is negligible. . . ." *Id.* at , 433 A.2d at 458 (emphasis added).

Furthermore, even though it was represented to the trial judge that the envelope containing the decision in the instant case was routinely destroyed by the Appellant, we note that the Board's duty to provide notification of the mailing date is not satisfied by a postmark. "[P]ostmarks are so frequently illegible that they are not to be regarded as a substitute for formal notification of the date in question on the decision or transmittal letter." *Schmidt,* Pa. at , 433 A.2d at 458.

Finally, we must also reject the Board's contention that Appellant's case is defeated by his own averments. We do not interpret the Supreme Court's reasoning in *Schmidt* to require that Appellant calculate, *after* receiving notice of a decision, the date on which that notice was probably mailed. Rather, the burden is placed on the Board to provide formal notification of the relevant date. As we have previously noted, the trial judge placed the burden on the Appellant to show when the decision was received. This was error. Since there is nothing in the record which would indicate when the decision was *mailed,* the appeal should not

have been quashed. No matter when Appellant *received* the decision, he is entitled to know *from the Board,* when it was sent to enable him to calculate his appeal period. *Schmidt.*

We, accordingly, reverse the order of the court below and remand for further proceedings.

ORDER

AND Now, this 25th day of November, 1981, the order of the Court of Common Pleas of Allegheny County, dated January 30, 1981 is hereby reversed and the matter is remanded for further proceedings.

Judge WILLIAMS, JR. dissents.