In Re: Appeal of Federated Department Stores, Inc. from the action of the Board of Property Assessment, Appeals and Review of Allegheny County etc. Federated Department Stores, Inc., Appellant.

Argued October 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*John R. Dingess,* with him *Judd N. Poffinberger, Jr., Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

*Allan J. Opsitnick,* with him *John J. Hickton, Hickton & Opsitnick,* and *Timothy P. O'Reilly,* for appellee.

OPINION BY JUDGE CRAIG, November 15, 1983:

Petitioner Federated Department Stores, Inc., appeals from an order of the common pleas court quashing its appeal from a tax assessment made by respondent, the Board of Property Assessment, Appeals and Review of Allegheny County.

The questions for review are: (1) whether an appeal from the assessment board must be filed within sixty days as provided by the statute governing assessments in second class counties, 72 P.S. §§5452.1-5452.20,[1] or within thirty days as provided by the Judicial Code appeal time limitation, 42 Pa. C. S. §5571;[2] and (2) whether the reassessment notice sent by the board adequately notified Federated of its

---

[1] Section 12 of the Second Class County Assessment statute provides, in pertinent part:

> After action on such assessments by the board, any taxpayer dissatisfied with the assessment of his property may appeal therefrom to the court of common pleas of the county within sixty (60) days from the date of notice of the assessment. . . .

Act of June 21, 1939, P.L. 626, §12, *as amended,* 72 P.S. §5452.12.

This section of the statute was repealed by the Judicial Act Repealer Act Continuation Act of 1982, Act of December 20, 1982, P.L. 1409, No. 326, art. III §305, 42 P.S. §20065, after the dates pertinent to this case.

[2] Section 5571(b) provides:

> (b) *Other courts.*—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

mailing date, which begins the running of the appeal period.

The facts, which are not in dispute, are as follows: Allegheny County initially assessed property owned by Federated at $905,000 for 1981. Upon appeal, the board reduced that figure to $700,000, and informed Federated of the change by notice dated December 11, 1981. On February 9, 1982, Federated appealed to the common pleas court. Administrative Judge PAPADAKOS issued an opinion and order[3] quashing Federated's appeal because its filing date was beyond the thirty-day appeal period prescribed by 42 Pa. C. S. §5571(b). This appeal followed.

As conceded by Federated, we have already settled the first question. In *Chartiers Valley School District Appeal,* 68 Pa. Commonwealth Ct. 592, 450 A.2d 230 (1982), *aff'd,* Pa. , 462 A.2d 673 (1983), and *Borough of West Homestead v. Mesta Machine Co.,* 68 Pa. Commonwealth Ct. 595, 449 A.2d 876 (1982), *aff'd per curiam,* Pa. , 465 A.2d 641 (1983), we specifically held that the thirty-day appeal period set forth in section 5571(b) of the Judicial Code, and not the sixty-day period set forth in section 12 of the Second Class County Assessment Law, governs the period within which to appeal decisions of the board of property assessments. These cases are controlling on the first issue presented by this appeal, and therefore, the common pleas court was correct in concluding that the thirty-day period prescribed by §5571(b) of the Judicial Code is the applicable time period.

---

[3] Because the court would have no subject matter jurisdiction if the appeal were filed untimely, the trial judge correctly raised this issue sua sponte. *Department of Transportation, Bureau of Traffic Safety v. Weaver,* 51 Pa. Commonwealth Ct. 70, 414 A.2d 144 (1980).

Federated also contends that, even with the thirty-day appeal period, the form it received from the board entitled "Disposition of Appeal from Real Estate Assessment" did not provide adequate notice of the mailing date, which starts the running of the appeal period.[4] Two dates appear on the form. At the bottom left-hand corner is a box captioned "Appeal Board Action" with the appeal number and "B. M. DATE 12-1-81" also indicated. Briefs of counsel indicate that this date refers to the day the board actually met to take action on the appeal. The form is also dated at the top with the following notation: "Date December 11, 1981."

The board argues that the mere presence of two different dates on the form provides sufficient notice to anyone appealing his assessment that the latter date refers to the day the notice was actually mailed. We find this argument unpersuasive.

In an analogous case, the Pennsylvania Supreme Court ruled that, where, as here, an appeal period is commenced by the mailing of a notice of action taken by a government unit, that unit has the duty to advise the appellant of the date of mailing. *Schmidt v. Commonwealth*, 495 Pa. 238, 241, 433 A.2d 456, 458 (1981). The pivotal issue here is whether the board fulfilled its duty to advise by dating the notice at the top of the form as indicated above.

---

[4] Having determined that the thirty-day appeal period provided by 42 Pa. C. S. §5571(b) is applicable, we must calculate that period under the companion section, 42 Pa. C. S. §5572, which provides, in part:

5572. *Time of entry of order*

The date of service of an order of a government unit, which shall be the date of mailing if service is by mail, shall be deemed to be the date of entry of the order for the purposes of this subchapter.

In *Hanna v. Zoning Board of Adjustment of Pittsburgh,* 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981), this court held that the zoning board's duty to notify of the actual date of mailing is not satisfied even where the notice is accompanied by a dated transmittal letter. The court quoted the following language from *Schmidt:* ''Knowledge of a decision's mailing date is *essential* to the taxpayer, and the effort required of the Department to indicate the relevant date on the decision or transmittal letter is negligible.'' *Schmidt* at 242, 433 A.2d at 458 (emphasis in original).

A disembodied date on the notice, as in this case, without any indication that it is the mailing date, is no more informative than a date appearing on a transmittal letter.[5] We believe that our decision on the second issue presented by this appeal is therefore controlled by *Hanna,* and hold that the dated form did not provide sufficient notice of the actual mailing date.

Accordingly, we must reverse the order below quashing the appeal for untimely filing, and remand for further proceedings.

### ORDER

Now, November 15, 1983, the order of the Court of Common Pleas of Allegheny County dated November 1, 1982, is reversed and remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.

---

[5] As Federated points out in its brief, the board has recently changed its form so that the word "Date" is now preceded by the word "Mailing" in boldface type.

---

DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent. While I agree that the applicable appeal period was thirty days from the

date the decision notice was mailed, I would remand the matter to the court of common pleas for a determination of when the notice was actually received.

In every case, the operative mailing date will necessarily be prior to or possibly on the same date as when the notice is actually received, but never after. Consequently, in cases where it is clear that the appeal was not filed within thirty days of actual receipt of the notice, the appeal, by logical necessity, *cannot* have been filed within thirty days of the mailing date.

The rule articulated by the majority provides that the statutory appeal period would never begin to run if the Board of Assessment failed to give written notification of the date of mailing. I do not believe *Schmidt v. Commonwealth,* 495 Pa. 238, 433 A.2d 456 (1981) compels such a rule; and I do not believe our opinion in *Hanna v. Zoning Board of Adjustment of Pittsburgh,* 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981) should be read to require such a rigid stricture.

In *Schmidt,* the Supreme Court reasoned that notification of the date of mailing is essential because "[w]ithout such notification, a taxpayer can have no reliable basis for knowing the number of days remaining in which to file a petition for review." 495 Pa. at 241, 433 A.2d at 458. Once a notice of decision is actually received, however, the taxpayer surely knows that there is an operative mailing date and the appeal period has commenced. He surely knows also that he has *no more* than the total number of allotted days in which to file an appeal. In *Schmidt* the Court found that, the appellant, because no notification of the operative mailing date was given, was justified in relying on the date of a subsequently mailed notice as the commencement of the period for appeal. I

would similarly hold, in cases such as the one at bar, where notification of the mailing date is inadequate, that an appellant is justified in relying on the date of receipt of the notice as the commencement of the period for appeal. I find no justification, however, for reliance on any date subsequent to actual receipt.

*Hanna* is not to the contrary. In that case we permitted an appeal which was filed within thirty days of receipt of the notice of decision and held that neither the date on a transmittal letter nor the postmark on the envelope it came in was sufficient under *Schmidt* to give notification of commencement of the appeal period. We allowed no burden on the appellant to calculate a probable mailing date from the date of receipt or from any indicia less than formal notification. The burden was placed on the Board to ensure that the appellant knew when the appeal period commenced. I do not here advocate any burden on the appellant to speculate as to the probable mailing date nor even to prove when notice was actually received if notification of the mailing date is faulty. Proof of notification of the mailing date or proof of the date of actual receipt rests properly with the Board, and either burden is easily met through the use of certified mail. I would, however, hold an appellant to the fundamentally obvious knowledge that if he has received notice, the appeal period has commenced at least as of that date.

Finally, I must disagree also with the implication in the majority opinion and in *Hanna* that indication of the mailing date on the decision notice itself constitutes the sole and conclusive proof of the commencement date of the appeal period. That the mailing date indicated on a notice *inside* a sealed envelope should be conclusive over the postmark on the outside seems to go against logic. At best, any mailing date

354

indicated on the notice itself can indicate only an *intended* mailing date. I can foresee instances where the notice, while indicating one mailing date on its face, may inadvertently, or perhaps purposefully, be delayed and actually be mailed later. As *notification* of the actual mailing date, such indicia as a postmark or transmittal letter may be deficient, but as evidence of an actual mailing date subsequent to that indicated on a decision notice, such indicia should be considered competent.