Marilyn Mihordin, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 2, 1984, to Judges CRAIG, DOYLE and COLINS, sitting as a panel of three.

*Anthony Perfilio, Rodgers, Perfilio, Heiman & Sewinsky, P.C.,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 2, 1984:

In this unemployment compensation case, the claimant, Marilyn Mihordin, has appealed from a decision of the Unemployment Compensation Board of Review, which affirmed a referee's decision concluding that the claimant's appeals from two adverse decisions of the Office of Employment Security were untimely. Section 501(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §821, requires each

claimant to file such an appeal "within fifteen calendar days after such notice [of an adverse decision of the department] was delivered to him personally, or was mailed to his last known post office address. . . ."

Because the filing date of the claimant's appeal unquestionably was February 19, 1982, the issue is whether there was substantial evidence to support the referee's finding that February 3, sixteen days earlier, was the decision notice mailing date which started the fifteen-day appeal period, where the only evidence on the point consisted of the decision notices themselves, each of which contained the following:

(1) At the upper righthand corner, the legend: "The Last Day to File an Appeal from this Determination is 02-18-82;"

(2) Immediately below that, a box containing a typed "X," immediately to the left of the word "Mailed;" and

(3) At the bottom of the notice, to the right of the word "Date," the numbers "2-3-82," appearing immediately to the right of the signature of the departmental official

Additional appeal instructions at the bottom of the form make clear that a mailed appeal must be postmarked on or before the last day to appeal as shown in the upper righthand corner.

Here board counsel contends that the claimant's testimony indicated that the claimant received the notices at some point before February 18, and that we must therefore regard the appeal as late because her attorney filed it after the February 18 date so clearly displayed on the notice as the last day for appeal.

However, in a case such as this, where there was no personal service of the notices, the statute establishes the fifteenth day after the mailing date as the only deadline date effective as a matter of law. Hence,

the board's contention begs the question if the mailing date is not established as a matter of fact; without it, we cannot know if the Office lawfully placed the February 18 deadline on the notice.

As the claimant's brief insists, there is no other evidence of the mailing date on the record. The transcript indicates that the referee at one point was aware of that gap. The transcript reads:

Referee: O.K. And this is exhibit number two. Do you recall when you received those documents?

Claimant: No, I don't have the vaguest. idea.

Referee: Allright, the record would indicate that they were mailed on February 3rd, 1982.

Claimant's Counsel: Now we object to that, the record doesn't indicate that at all.

Referee: Allright, then we'll have to reschedule the case and get the Local Office representative down here who did the mailing of these documents. Mrs. Mihordin, did you realize that the last date to file an appeal was February 18th, or 1982.

Claimant: I don't know if I did or I didn't. No further hearing was held.

A referee may invoke the presumption of the regularity of administrative acts of public officials, as a basis for an affirmative finding as to notice, provided that there is evidence in the record "that the determination of the Bureau [now the Office] was mailed to the claimant's last known address, and that the notice was not returned . . . by the postal officials as undeliverable . . ." *Gaskins v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 213, 216, 429 A.2d 138, 140 (1981).

However, the compensation authorities presented no positive evidence concerning the mailing of the notice or the non-return of it. Therefore, in this case, as in the similar case of *Leight v. Unemployment Compensation Board of Review*, 49 Pa. Commonwealth Ct. 312, 410 A.2d 1307 (1980), we must conclude that there is no substantial evidence to support the referee's findings with respect to those crucial elements.

Moreover, because knowledge of a decision mailing date is essential when it commences an appeal period, the administrative agency is obligated to indicate it clearly on the decision notice. *Schmidt v. Commonwealth*, 495 Pa. 238, 241, 433 A.2d 456, 458 (1981) (state tax case). "A disembodied date on the notice, as in this case, without any indication that it is the mailing date," is not sufficiently informative. *Federated Department Stores v. Board of Property Assessment Appeals and Review of Allegheny County*, 78 Pa. Commonwealth Ct. 346, 351, 467 A.2d 908, 910 (1983) (local tax case); *Hanna v. Zoning Board of Adjustment of Pittsburgh*, 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981) (zoning case).

The date on the department's notice form (other than the purported deadline date) is not identified as a mailing date. Because it is located beside the determination signature, it appears to refer to the date of execution of the determination, which is not necessarily the mailing date, *Schmidt*. (*Schmidt* also held that a postmark does not suffice.)

Therefore, the claim cannot be dismissed as untimely, and the case will be remanded for a determination of eligibility.

## ORDER

Now, March 2, 1984, Decision No. B-205648 of the Unemployment Compensation Board of Review, dated

May 13, 1982, is reversed, and this case is remanded for a determination of eligibility.

Jurisdiction relinquished.