Michael Sheets, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Heard by Judge CRAIG.

*David A. Scholl,* for petitioner.

*Carol A. Genduso,* Assistant Counsel, with her, *John A. Kane,* Acting Chief Counsel, *Jonathan Vipond III,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, August 7, 1984:

The respondent Department of Public Welfare has moved to dismiss this petition for review as untimely under Pa. R.A.P. 1512(a)(1), which requires it to be filed within thirty days after "entry of the order." The department cites Pa. R.A.P. 108(a)(1), which provides that the date of entry of an order by a government unit shall be the day on which its office "mails or delivers copies of the order to the parties. . . ."

Because the department's final order includes April 16, 1984 as its date, and also bears a date stamp of April 16 as the "DATE FINAL ADMINISTRATIVE ACTION," and because the petition for review was actually received by the chief clerk of this court on May 17, 1984, the appeal would be untimely if those two dates—more than thirty days apart—were established as the legally meaningful ones.

However, the petitioner's answer to the motion to dismiss seeks to establish May 15 as the date of receipt by this court by reliance on Pa. R.A.P. 1514(a), which provides that receipt by the court may be deemed to occur on the date the petition for review was mailed "as shown on a U.S. Postal Service Form 3817 Certificate of Mailing." However, as the answer acknowledges, no Form 3817 was employed. Although this court could well consider a U.S. Postal Service Form 3800 (certified mail form), which the petitioner did use here, as equivalent to Form 3817 if it bore a mailing date stamped or postmarked by the postal au-

thorities as is done with respect to the Form 3817, that equivalency is not here applicable because the certified mail Form 3800 bears only a date (May 15) typed by the sender alone.

Similarly, however, this court cannot, for purposes of this motion, take the April 16 date of the department's order as a record of certification of mailing, so as to constitute the starting date for the appeal period. *See Mihordin v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 569, 471 A.2d 1334 (1984), in which we stated that

> because knowledge of a decision mailing date is essential when it commences an appeal period, the administrative agency is obligated to indicate it clearly on the decision notice. Schmidt v. Commonwealth, 495 Pa. 238, 241, 433 A.2d 456, 458 (1981) (state tax case). "A disembodied date on the notice, as in this case, without any indication that it is the mailing date," is not sufficiently informative. Federated Department Stores v. Board of Property Assessment Appeals and Review of Allegheny County, 78 Pa. Commonwealth Ct. 346, 351, 467 A.2d 908, 910 (1983) (local tax case) ; Hanna v. Zoning Board of Adjustment of Pittsburgh, 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981) (zoning case).

*Id.* at 573, 471 A.2d at 1336.

What *Mihordin* further stated is equally applicable here. The date on the department's notice was not identified as a mailing date, but refers to the date of execution of the determination, which, of course, is not necessarily the mailing date—a fact of public office life recognized by the Pennsylvania Supreme Court in *Schmidt* and by this court in the cases cited.

This judicial approach, requiring that an administrative notice reveal the date of entry by way of an

explicit notation of the mailing date as such, is entirely consistent with the policy which the Rules of Appellate Procedure evince with respect to pinpointing the starting date of appeal time for a civil court matter, as provided in Pa. R.A.P. 108(b), which requires that the clerk make a notation in the docket that notice of entry of an order has been given, and further provides that the date of such notation become the "date of entry" itself.

Accordingly, because the record here does not establish the starting date for the appeal time, the claim cannot be dismissed as untimely, and the department's motion will be denied.

### ORDER

Now, August 7, 1984, the motion to dismiss, filed on behalf of the respondent Pennsylvania Department of Public Welfare, is denied.