In Re: Appeal of the Borough of West View and North Hills School District From the Assessment of the Board of Property Assessment, Appeals and Review of Allegheny County, Pennsylvania, of Allegheny County Industrial Development—West View Associates. The Borough of West View and North Hills School District, Appellant.

Argued October 7, 1985, before Judges ROGERS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

H. James O'Connor II, with him, Fred E. Baxter, Jr., for appellant, West View Borough.

Lee A. Donaldson, Jr., Donaldson & Donaldson, for appellant, North Hills School District.

Thomas M. Castello, with him, John F. Cambest and William J. Fahey, Conway, Meyer & Cambest, for appellee, West View Associates.

Opinion by Senior Judge Kalish, December 9, 1985:

School District appealed the decision of the Board of Property Assessment (Board) reducing the real estate tax assessment of West View Associates' property from $132,500 to $50,000. The Board advised the taxing authorities of this final notice by mailing to the authorities a form dated *December 23, 1981* and entitled "Disposition of Appeal from Real Estate Assessment." The taxing authorities filed an appeal to the common pleas court on *February 1, 1982.* Nowhere on the Disposition form mailed to the authorities is there a date designated as the mailing date. However, the form does have a date stamped on it indicating it was received by the School District on January 4, 1982.

The trial judge ordered the appeal quashed as untimely. We affirm the trial court's finding that the thirty day period prevails but reverse his final decision for the reasons stated below.

The questions for review are 1) whether an appeal from the assessment board must be filed within sixty days as provided by the statute governing assessments in second class counties, 72 P.S. §5452.12,[1] or within the thirty day appeal period set forth in Section 5571 (b) of the Judicial Code, 42 Pa. C. S. §5571(b), and 2) whether the reassessment notice sent by the Board adequately notified the taxing authorities of its mailing date, which begins the running of the appeal time.

This court, in a series of cases, has held that the thirty day appeal period time is controlling. *Federated Department Stores, Inc. Appeal*, 78 Pa. Commonwealth Ct. 346, 467 A.2d 908 (1983).

However, we find that the form entitled "Disposition of Appeal from Real Estate Assessment" did

---

[1] Section 12 of the Act of June 21, 1939, *as amended*, 72 P.S. §5452.12.

not provide adequate notice of the mailing date, which starts the running of the statute.

Two dates appear on this form. At the top is the typed in date of the notice, December 23, 1981, and the stamped notice that it was received by the School District on January 4, 1982.

In *Sheets v. Department of Public Welfare*, 84 Pa. Commonwealth Ct. 388, 390, 479 A.2d 80, 82 (1984), this court said, quoting *Mihordin v. Unemployment Compensation Board of Review*, 80 Pa. Commonwealth Ct. 569, 573, 471 A.2d 1334, 1336 (1984):

> [B]ecause knowledge of a decision mailing date is essential when it commences an appeal period, the administrative agency is obligated to indicate it clearly on the decision notice. Schmidt v. Commonwealth, 495 Pa. 238, 341, 433 A.2d 456, 458 (1981) (state tax case). 'A disembodied date on the notice, as in this case, without any indication that it is the mailing date,' is not sufficiently informative. Federated Department Stores v. Board of Property Assessment Appeals and Review of Allegheny County, 78 Pa. Commonwealth Ct. 346, 351, 467 A.2d 908, 910 (1983) (local tax case); Hanna v. Zoning Board of Adjustment of Pittsburgh, 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981) (zoning case).

In the instant case, the date on the department's notice was not identified as a mailing date, but refers to the date of the execution of the determination, which is not necessarily the mailing date—a fact of public office life recognized by the Pennsylvania Supreme Court in *Schmidt v. Commonwealth*, 495 Pa. 238, 433 A.2d 456 (1981).

It is the formal notice of the mailing date of the notification that triggers the period. ''Without such notification a taxpayer can have no reliable basis for

knowing the number of days remaining in which to file a petition for review." *Schmidt*.

A postmark on the envelope carrying a decision is inadequate. *Schmidt*. Likewise, a stamp of receipt by the taxpayer on the decision as in the instant case, would be inadequate. In either case the taxpayer may as yet perceive no basis for an appeal.

Accordingly, because the record does not establish the starting date for the appeal time, we must reverse the order below quashing the appeal for untimely filing and remand for further proceedings.

ORDER

The order of the Court of Common Pleas of Allegheny County, entered November 1, 1982 at No. G.D. 82-02406, is reversed and the matter is remanded to that court for further proceedings. Jurisdiction is relinquished.

Fred C. Kresge, Jr. and Marilyn L. Kresge, his wife, Appellants *v.* Pocono Township Supervisors, Monroe County, Pennsylvania, Appellee.

Argued November 12, 1985, before Judges ROGERS and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*James V. Fareri*, with him, *Ronald J. Mishkin, Mervine, Brown, Newman, Williams and Mishkin, P. C.*, for appellants.

*George W. Westervelt, Jr.*, with him, *George Royal IV*, for appellee.

OPINION BY JUDGE ROGERS, December 10, 1985:

This is the appeal of Fred C. Kresge and Marilyn Kresge, husband and wife (Kresges), from an order of the Court of Common Pleas of Monroe County affirming a decision of the Pocono Township Board of Supervisors (board) denying the Kresges' request for a curative amendment to the Pocono Township Zoning Ordinance.

Alleging exclusionary zoning, the Kresges filed a request for a curative amendment to the Pocono Township Zoning Ordinance pursuant to Sections 609.1 and 1004(1)(b) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1, 11004(1)(b). The effect of the amendment would be to reduce the lot size requirement of the ordinance from one acre to one-third acre per

dwelling unit in the R-1 and R-2 districts, enabling the Kresges to construct a thirty-unit townhouse development on their ten acre tract. After hearings, the board denied the Kresges' request.

On appeal, the Court of Common Pleas of Monroe County affirmed the board's decision.

The Kresges here state two questions: (1) whether the Pocono Township Zoning Ordinance, imposing the one-acre lot size requirement, is constitutionally invalid as exclusionary; and (2) whether the appellants were denied due process because of the activities of the township solicitor in the supervisors' hearing.

Since we find that the Kresges were denied due process by the proceedings below, we need not reach the issue of the validity of the ordinance.

At the board's hearings, the Pocono Township solicitor produced and examined township witnesses and offered in evidence documents in support of the reasonableness of the disputed requirement; he ruled on the Kresges' objections to evidence; he cross-examined Kresges' witnesses; he gave legal advice to the board during and after the hearings; and he drafted the board's written decision. The Kresges made continuing objections to the activities of the township solicitor.

The case of *Sultanik v. Board of Supervisors of Worchester Township*, 88 Pa. Commonwealth Ct. 214, 488 A.2d 1197 (1985), controls the decision of this appeal. There we held that the commingling of the functions of zoning advocate for the township and advisor to the supervisors by the employment of two lawyers from the same law firm, one as advocate, the other as advisor, operated to invalidate the board's decision on a curative amendment without regard to whether there was actual prejudice to the landowner. The fault in the proceedings in the instant case is more egregious than that in *Sultanik;* here the functions of

### Order

