543 A.2d 1290

James H. Stewart, Jr., Petitioner *v.* Commonwealth of Pennsylvania, State Health Facility Hearing Board, Department of Health of Pennsylvania and Grantham Woods, Respondents.

Argued April 20, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*James H. Stewart, Jr.,* petitioner, for himself.

*Carol Brayshaw Longwell,* Assistant Counsel, with her, *Jonathan P. Neipris,* Chief Counsel, for respondent, Department of Health.

*Reed Hamilton, Blank, Rome, Comisky & McCauley,* for respondent, Grantham Woods, Inc.

OPINION BY JUDGE PALLADINO, July 12, 1988:

James H. Stewart, Jr. (Petitioner) appeals from an order of the State Health Facility Hearing Board (Board) quashing Petitioner's appeal from a decision of the Department of Health (Department) which granted the application of Grantham Woods, Inc. for a certificate of need (CON) to construct a long term care facility. We reverse and remand for further proceedings.

The Department's decision to grant the CON appears in a letter dated December 12, 1986 from H. Arnold Muller, M.D., Secretary of Department, to James O. Banks, Executive Director of Grantham Woods. The copy of this decision appearing in the rec-

ord certified from the Department to the Board contains Muller's signature, a handwritten signing date of December 23, 1986, and a handwritten mailing date of December 24, 1986. Record at 830. The copy of the decision received by Petitioner was not signed, contained no signing date and no mailing date.[1] Record items 7 and 8, Exhibit A. Petitioner admits to having received notification of the decision on December 26, 1986. Petitioner filed his appeal with the Board on January 26, 1987.

The Department and Grantham Woods filed motions with the Board to quash or dismiss Petitioner's appeal for being untimely filed. Petitioner filed an answer in which he argued his appeal was timely. In the event that the Board determined his appeal had been untimely filed, Petitioner also requested permission from the Board to appeal nunc pro tunc. The Board determined that Petitioner's appeal was untimely filed and that Petitioner was not entitled to appeal nunc pro tunc.[2] On appeal to this court, Petitioner continues to assert that his appeal to the Board was timely and that if not, he should have been permitted to appeal nunc pro tunc. For the reasons which follow, we conclude that the appeal was timely.

Section 506(a) of the Health Care Facilities Act,[3] in pertinent part, provides:

Decisions of the department on an application for a certificate of need or amendment thereto

---

[1] In its opinion quashing Petitioner's appeal, the Board found that "[u]nlike the copy contained in the certified record [from the Department], Mr. Stewart's copy of the approval letter does not indicate the date of signing or mailing."

[2] The Department and Grantham Woods also challenged Petitioner's standing to appeal. The Board declined to address this issue because of its decision on the timeliness issue.

[3] Act of July 19, 1979, P.L. 130, as amended, 35 P.S. §448.506(a).

may be appealed within 30 days by any party or health systems agency who is involved in the proceeding. The appeal to the hearing board shall be commenced within 30 days of the appeal. . . .

The Board has issued a regulation which states this 30 day appeal period is to be measured from the date of the decision or the date of mailing of the decision, whichever is later. 37 Pa. Code §197.34.

Here the mailing date of December 24, 1986 would be the date which commences the 30 day appeal period. This would make Petitioner's appeal filed January 26, 1987 untimely. However, the copy of the decision received by Petitioner did not contain a mailing date.

The Board stated that it would normally hold an evidentiary hearing to determine when the decision had been mailed, but because Petitioner admitted to having received the decision on December 26, 1986 at 11 A.M., "[t]he inherent implausibility of the Department's having mailed the letter on the same morning it was received by Mr. Stewart is such that an evidentiary hearing would serve no useful purpose." Board op. at 5. The Board concluded Petitioner's appeal, filed January 26, 1987, was untimely. The Board has erred as a matter of law in reaching this conclusion.

The Pennsylvania Supreme Court in *Schmidt v. Commonwealth*, 495 Pa. 238, 433 A.2d 456 (1981), placed an affirmative duty upon government units, when the mailing date of a decision triggers the appeal period, to clearly indicate on the decision itself the date of mailing. This court has consistently found the lack of such a mailing date to abrogate the mandated appeal period. *See Wagner v. Pennsylvania Board of Probation and Parole*, 104 Pa. Commonwealth Ct. 403, 522 A.2d 155 (1987) ("Where no mailing date is indicated on the document which denies administrative relief, the thirty day appeal period does not apply."); *Borough of West*

*View Appeal,* 93 Pa. Commonwealth Ct. 380, 501 A.2d 706 (1985) ("It is the formal notice of the mailing date of the notification that triggers the period."). The date on which the notification of the decision is actually received has no bearing on whether the governmental unit has complied with its affirmative duty to indicate the mailing date on the decision. *See Federated Department Stores Inc. Appeal,* 78 Pa. Commonwealth Ct. 346, 467 A.2d 908 (1983); *Hanna v. Zoning Board of Adjustment,* 62 Pa. Commonwealth Ct. 620, 437 A.2d 115 (1981).

We note that the record shows that the Department's copy of the decision does contain an identified mailing date on its face. The Board may rely on this record to determine whether an appeal should be quashed as untimely filed. *See Raichle v. Unemployment Compensation Board of Review,* 112 Pa. Commonwealth Ct. 298, 535 A.2d 694 (1988). However, if the individual seeking to appeal can establish that the copy of the decision providing him notice did not contain the mailing date, the appeal period does not run against that individual. In the case before us, the Board found that the copy sent to Petitioner did not contain a mailing date. The Department has failed to perform its duty of indicating the mailing date on the face of the copy of the decision sent to Petitioner. The result of this failure is that the thirty day appeal period does not apply to Petitioner.

Accordingly, the order of the Board quashing Petitioner's appeal for being untimely filed is reversed and the case remanded for further proceedings.

## ORDER

AND NOW, July 12, 1988, the order of the State Health Facility Hearing Board quashing Petitioner's appeal for being untimely filed is reversed and the case remanded for further proceedings.

Jurisdiction relinquished.