552 A.2d 766

Barbara Ann Gill Ortell, Petitioner v. Commonwealth of Pennsylvania, Crime Victims Compensation Board, Respondent.

Argued April 21, 1988, before Judges DOYLE, BARRY and McGINLEY, sitting as a panel of three.

*Peter B. Foster, Pinskey & Foster,* for petitioner.

*Linda C. Barrett,* for respondent.

OPINION BY JUDGE DOYLE, January 12, 1989:

This is an appeal[1] by Barbara Ann Gill Ortell (Claimant) from an order of the Crime Victims Compensation Board (Board) denying her claim for compensation for out-of-pocket losses stemming from a criminal attack upon her by one Albert West.

The Board found that, on June 24, 1982 at approximately 11:00 a.m., Claimant, then age thirty-six, became involved in an altercation with West, who was her landlord. During this altercation Claimant was pushed by West and fell, prompting her complaints of head and back pain. Prior to this incident Claimant and West had been engaged in a telephone conversation involving yelling and arguing. At the conclusion of the telephone call Claimant left her residence in an "angry" mood and walked approximately twenty-five feet (next door) to confront West. The argument then resumed and the above described altercation ensued.

---

[1] This case was reassigned to the opinion writer on November 4, 1988.

The Board denied Claimant's claim for compensation finding that she had acted unreasonably when she failed to avoid a physical confrontation and, hence, that her conduct contributed to her injury. It also determined that Claimant had not incurred out-of-pocket losses of $25,000.00 to $27,000.00 as she claimed. It noted particularly that she had provided no medical verification for her alleged losses, that her x-ray's revealed no serious injury, and that the only evidence of costs she submitted was in the form of "slips of paper torn from spiral notebooks and bearing handwritten names of persons who allegedly provided services and the amounts allegedly paid."[2] No cancelled checks or money orders were submitted.[3]

Claimant has appealed the denial of compensation to this Court.[4]

Where, as here, both parties have presented evidence our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether there has been a con-

[2] Claimant was permitted to submit certain hospital records showing medical treatment for a period of two years after the attack. The Board, however, determined that her evidence did not show that the treatments were related to the attack.

[3] Under Regulation 191.9(c)(6), 37 Pa. Code §191.9(c)(6), the Board will not award compensation if it finds, *inter alia,* that the claimant has refused or neglected to provide "information required by the Board to determine the validity of a claim."

[4] The order under appeal here was dated December 3, 1986. The petition for review was filed on January 5, 1987. One has only thirty days in which to petition for review. *See* Pa. R.A.P 1512(a). The Board's order does not, however, contain a mailing date and that is the date which begins the running of the appeal period. Since the mailing date is omitted from the Board's order we are unable to determine whether the petition was timely filed. *See Sheets v. Department of Public Welfare,* 84 Pa. Commonwealth Ct. 388, 479 A.2d 80 (1984). Accordingly, we shall not quash the appeal. *See id.*

stitutional violation or an error of law. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987). On appeal Claimant presents three arguments which we shall examine *seriatim.* She contends first that the regulation which the Board used to disqualify her from receiving compensation is in conflict with the governing statute. It is, of course, well settled that an administrative agency's interpretation of its own regulation is controlling, and unless that interpretation is plainly erroneous or inconsistent with the regulation, or the regulation is inconsistent with the statute under which it is promulgated, the regulation will be upheld. *E. Smalis Painting Co., Inc. v. Department of Transportation,* 70 Pa. Commonwealth Ct. 90, 452 A.2d 601 (1982). The regulation in question reads in pertinent part as follows:

> A claimant may be ineligible if the Board or Board member finds that one of the following applies:
>
> (i) the victim initiated, consented to, provoked, agitated, prolonged or reasonably failed to avoid a physical confrontation with the offender.

37 Pa. Code §191.9(k)(l)(i).

The Act of April 9, 1929, P.L. 177, *as amended,* Sections 477-479.5, is commonly referred to as the Crime Victims Compensation Act (Act). It sets forth its purpose as follows:

> It is the declared purpose of the General Assembly in this act to promote the public welfare by establishing a means of providing for the financial losses of the *innocent* victims of crime or their surviving dependents and intervenors acting to prevent the commission of crime or to as-

sist in the apprehension of suspected crimi-
nals.[5] (Emphasis added.)

Thus, in order to receive compensation one must be
the innocent victim of a crime. It is the requirement of
innocence which the Board's regulation seeks to ad-
dress. The Board has been given legislative authority to
promulgate rules and regulations to carry out the provi-
sions of the Act. *See* Section 477.2 of the Act, 71 P.S.
§180-7.2.[6] We hold that Regulation 191.9(k)(l)(i) is in ac-
cordance with this legislative mandate and is not in any
way contrary to the Act's declared purpose. Further we
uphold the Board's determination that Claimant's con-
duct indicated a failure to avoid physical confrontation
with West.

Claimant contends, however, that the regulation is
contrary to established caselaw regarding self-defense
and provocation. Even so, this is not fatal to the regula-
tion. The legislature is under no obligation to compen-
sate crime victims at all. If it determines to do so, it can
certainly attach reasonable conditions to the grant of
compensation. Here, both the Act and the regulation
seek to discourage rash behavior and vigilante justice.
This is certainly a lawful goal, and thus, the condition of
innocence, which is imposed upon the victim by statute
and regulation, is permissible.

Claimant next contends that the regulation is ambig-
uous. Quite frankly, we can see nothing ambiguous and
dismiss this argument as patently frivolous.

Finally, Claimant contends that the Board commit-
ted error in determining that she had failed to meet her
burden to establish her actual losses. It is well settled
that a claimant bears the burden in this regard.

---

[5] This section was added by Section 3 of the Act of July 9,
1976, P.L. 574.

[6] Section 477.2 was added by Section 2 of the Act of July 9,
1976, P.L. 574.

*Milbourne v. Pennsylvania Crime Victims Compensation Board*, 82 Pa. Commonwealth Ct. 259, 261 n.4, 475 A.2d 899, 900 n.4 (1984). Claimant here submitted records for treatments she incurred for a period well beyond the altercation date. She also had previously written to the Board advising it that her out-of-pocket expenses were $100,000.00 rather than the $25,000.00 to $27,000.00 losses she claimed in these proceedings. The Board concluded that the expenses were not related to her crime injury and chose to discredit her testimony to the contrary. It is the province of the Board to determine credibility and its job is to weigh the evidence. *Milbourne.* We cannot say on these facts that its rejection of Claimant's evidence, which was composed largely of her own testimony, constituted error.

Affirmed.

### ORDER

Now, January 12, 1989 the order of the Crime Victims Compensation Board in the above-captioned matter is hereby affirmed.

Judge MACPHAIL did not participate in the decision in this case.

---

### DISSENTING OPINION BY JUDGE BARRY:

I must respectfully dissent. First of all, I disagree with the majority's conclusion that the Board properly concluded that claimant failed to avoid a physical confrontation and that she, therefore, contributed to her own injuries. The fact that claimant had had a heated argument over the telephone with her attacker immediately prior to walking over to his house does not, by itself, compel a conclusion that she failed to avoid a *physical* confrontation. There is simply no evidence indicating that claimant was aware that she would be encountering such a physical confrontation.

I must also disagree with the majority's conclusion that claimant did not prove that she suffered an out-of-pocket loss as a result of the criminal incident. Claimant presented to the Board a bill from Berwick Hospital for $289.50 for an emergency room visit on the date of the assault, as well as the medical record for that visit. Given the injuries that the medical record indicated the claimant suffered on that date and the criminal incident described in her testimony before the Board hearing examiner, the causal connection between the former and the latter was obvious, as was the fact that this emergency room visit was reasonably necessary because of those injuries. A remand unfortunately would be necessary to determine if any part of the loss was not covered by insurance so as to qualify as an out-of-pocket loss, as that term is defined in Section 477 of the Administrative Code, 71 P.S. §180-7 (one which is unreimbursed or unreimbursable).