**WILKES–BARRE HOLIDAY INN c/o American Motors Inns, Appellant,**

v.

**LUZERNE COUNTY BOARD OF ASSESSMENT APPEALS and Wilkes–Barre Area School District.**

Commonwealth Court of Pennsylvania.

Argued Dec. 4, 1995.

Decided April 16, 1996.

---

Gregory G. Lotz, for Appellant.

Anthony J. Lupas, for Appellee, Wilkes–Barre Area School District.

Before COLINS, President Judge, SMITH, J., and KELTON, Senior Judge.

SMITH, Judge.

Wilkes–Barre Holiday Inn, c/o American Motor Inns (Holiday), appeals from an order of the Court of Common Pleas of Luzerne County (trial court) that dismissed Holiday's petition for review of a decision of the Luzerne County Board of Assessment Appeals (Board) denying Holiday's 1991 assessment appeal.

The issues presented, as stated by Holiday, are whether the trial court erred in not permitting Holiday to amend the verification and pleadings in its appeal to correct a technical and non-prejudicial error of designating the Wilkes–Barre Holiday Inn as a New Jersey corporation rather than a Delaware limited partnership; whether the trial court erred in dismissing Holiday's petition to review the 1991 assessment as untimely where Holiday was without notice of the mailing date of the Board's decision; whether the trial court erred in dismissing the entire appeal, including the pending appeals for 1992, 1993, 1994 and 1995, instead of only dismissing the appeal of the 1991 tax year; and whether the trial court erred in determining that the record owner of the property did not file a timely appeal from the Board's decision for the 1991 tax year.

Holiday's property consists of a two-story, 180–room hotel containing a restaurant and meeting facilities located on approximately 7.24 acres in Wilkes–Barre, Pennsylvania. For tax purposes, the property was assessed

at $800,000 for the tax years 1991 to 1995. These are the assessments under appeal in the present case. Holiday appealed the 1991 assessment by filing an appeal with the Board on August 31, 1990, and the Board affirmed the assessment by a decision dated May 23, 1991. Holiday then filed a "petition for review of real estate assessments" with the trial court on June 28, 1991.

Holiday's verification and pleadings averred that Holiday is the " 'Wilkes–Barre Holiday Inn c/o American Motor Inns, a New Jersey Corporation' with a corporate business at the law office of Garippa and Trevenen and/or Garippa and Davenport at 66 Park Street, Post Office Box 1581, Montclair, New Jersey." Trial Court's Finding of Fact No. 11. The sole owner of the subject property was the "Wilkes–Barre Holiday Inn, L.P., a Delaware limited partnership with a mailing address at 44 Manderville Drive, Wayne, New Jersey...." Finding of Fact No. 10. On July 5, 1991, a time-stamped copy was served on all parties, including the Wilkes–Barre School District (School District). During the next three years pleadings were filed between the parties, and the School District's petition to intervene was granted by the trial court; settlement discussions commenced in 1993 and continued through 1994.

On January 31, 1995, the School District filed a motion to strike Holiday's petition for review of real estate assessments. Holiday filed its reply and a motion to amend the petition for review. On March 28, 1995, after reviewing the petitions and briefs and hearing testimony and oral argument, the trial court dismissed Holiday's petition on the ground that it was untimely, thus depriving the court of jurisdiction. Alternatively, the trial court reasoned that the true owner, Holiday Inn, a Delaware partnership, had not perfected an appeal and that Holiday, the New Jersey corporation, does not exist, and thus Holiday has no standing to appeal. Holiday appealed to this Court.[1]

## I.

◼ Holiday contends that the trial court erred by not permitting an amendment to its verification and pleadings to correct a technical and non-prejudicial error Holiday committed by designating the Wilkes–Barre Holiday Inn as a New Jersey corporation rather than a Delaware limited partnership. Holiday further contends that the trial court erred in dismissing its petition for review as untimely, where Holiday was without notice of the mailing date of the Board's decision and thus was unaware of the commencement of the time period in which to file an appeal.

To support its position Holiday cites Pa. R.C.P. 126, relating to the liberal construction and application of the rules of civil procedure:

> The rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable. The court at every stage of any such action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties.

In *F & M Schaefer Brewing Co. v. Board of Assessment Appeals of the County of Lehigh,* 93 Pa.Cmwlth. 594, 502 A.2d 310 (1985), the court stated: "It is the policy of the courts of this Commonwealth to liberally construe procedural rules to secure the just determination of every action or proceeding." *Id.* at 312. Further, "[t]he trial of a lawsuit is not a sporting event where the substantive legal issues which precipitated the action are subordinate to the 'rules of the game.'" *Id.* (quoting *Byard F. Brogan, Inc. v. Holmes Electric Protective Co. of Philadelphia,* 501 Pa. 234, 240, 460 A.2d 1093, 1096 (1983).

Holiday argues that to permit it to correct such an apparent error in its initial pleadings would not have prejudiced the Board or School District in any way. Moreover, Holiday claims that the record indicates that neither the Board nor the School District has either claimed or suffered any specific prejudice. Holiday cites *Newcomer v. Civil*

---

1. This Court's scope of review in a tax assessment appeal is limited to determining whether the trial court's decision is supported by substantial evidence and whether the trial court committed an error of law or abused its discretion. *In Re Appeal of Township of Middletown,* 654 A.2d 195 (Pa.Cmwlth.), *appeal denied,* 542 Pa. 682, 668 A.2d 1142 (1995).

*Service Commission of Fairchance Borough,* 100 Pa.Cmwlth. 559, 515 A.2d 108 (1986), *appeal denied,* 514 Pa. 626, 522 A.2d 51 (1987), for the proposition that the prejudice suffered by the parties must stem from the fact that new allegations, not set forth in the initial pleadings, are contained in the amended pleadings and not from the fact that an opposing party may lose its case on the merits if the amendment is allowed. The Court noted that at almost any stage of the proceedings it is proper to permit an amendment to cure a purely technical defect, although at later stages of the proceedings it would be "inappropriate to permit an amendment which will present an entirely new theory of recovery and raise hitherto uncontemplated issues of law and/or fact." *Newcomer,* 515 A.2d at 112.

In the present case, Holiday's proposed amendment would have merely clarified the fact that Holiday, the owner of the subject property, is a Delaware limited partnership rather than a New Jersey corporation. The parties do not dispute that there is no New Jersey corporation. As evidenced by its willingness to enter into settlement discussions in 1993 which lasted through 1994 and to schedule meetings with Holiday, the School District also does not dispute that Holiday is in fact the owner of the subject property involved. Other than this one correction, Holiday raises no new issues or theories of recovery; and its motion to amend does not seek to bring in a new party to the proceedings as contended by the School District.

■ Neither the Board nor the School District has raised any cognizable claims of prejudice. Rather, the School District argues that if Holiday is successful on the merits of its appeal, this will have an adverse impact on taxpayers. In view of *Newcomer,* the School District's argument fails to demonstrate such prejudice as is required to deny Holiday's requested amendment. Accordingly, the trial court erred in denying Holiday's request to amend its verification and pleadings.[2] Likewise, the trial court erred in determining that Holiday did not have standing to file its petition for review of the 1991 assessment appeal.

II.

■ Holiday further contends that the trial court erred in dismissing its petition for review as untimely, where Holiday was without notice of the mailing date of the Board's decision as required by Pennsylvania law. Holiday cites the Supreme Court's decision in *Schmidt v. Commonwealth,* 495 Pa. 238, 433 A.2d 456 (1981), and this Court's decisions in *In Re Appeal of the Borough of West View,* 93 Pa.Cmwlth. 380, 501 A.2d 706 (1985), and *Mihordin v. Unemployment Compensation Board of Review,* 80 Pa. Cmwlth. 569, 471 A.2d 1334 (1984), following *Schmidt,* for the proposition that an agency's decision must include a specifically designated mailing date on the notice of a decision sent to a taxpayer. Moreover, even if the decision or transmittal letter is dated, that is not the equivalent of a mailing date.

In the present case, the trial court stated in Finding of Fact No. 14 "[t]hat the Luzerne County Board of Assessment Appeals on May 23, 1991 mailed their 'Board Decision Notice' to the said David A. Simon, [Holiday's designated agent] as aforesaid, which was duly received." Trial Court's Opinion, p. 3. Holiday does not dispute this fact. The Board Decision Notice clearly bears the date of May 23, 1991 and states: "This is your final notice. In the event you are not satisfied with this decision, you may appeal to the Luzerne County Court of Common Pleas *within 30 days from the date of this notice.*" (Emphasis added.) By this notice, Holiday was aware that it had 30 days from May 23,

---

**2.** The School District cites *Rupel v. Bluestein,* 280 Pa.Superior Ct. 65, 421 A.2d 406 (1980), for the proposition that an improper verification of a complaint may not be brushed aside as a mere legal technicality. To the contrary, *Rupel* clearly supports Holiday's position. Citing Pa.R.C.P. 126, the *Rupel* Court noted that verification is not jurisdictional and is required only for the protection of the parties. " 'Courts should not be astute in enforcing technicalities to defeat apparently meritorious claims.... The procedural rules are not ends in themselves, but means whereby justice, as expressed in legal principles, is administered; they are not to be exalted to the status of substantive objectives....' " *Rupel,* 280 Pa.Superior Ct. at 76, 421 A.2d at 411 (quoting *General Mills, Inc. v. Snavely,* 203 Pa.Superior Ct. 162, 167, 199 A.2d 540, 543 (1964)).

1991 to file an appeal to the trial court. This Court concludes that the 30–day appeal period, as set forth in 42 Pa.C.S. 5571(b) for appeals from government units to courts, began to run on May 23, 1991. Holiday's appeal was filed on June 28, 1991, or beyond the appeal period.

■ In *Appeal of Cedarbrook Realty, Inc.,* 39 Pa.Cmwlth. 150, 395 A.2d 613 (1978), this Court stated that the 30–day period for appeal of the Board's decision to the court is mandatory. Absent a showing of extraordinary circumstances involving fraud, duress or coercion, judicial extensions of an appeal period will not be granted. *Connor v. Westmoreland County Board of Assessment Appeal,* 143 Pa.Cmwlth. 86, 598 A.2d 610 (1991). Here, Holiday does not allege any extraordinary circumstances. Therefore, the trial court did not err in dismissing Holiday's 1991 tax appeal as untimely.

■ Holiday further contends that even if this Court determines that the trial court properly dismissed its petition for review, only the appeal of the 1991 tax year should be dismissed and not the appeals pending for the 1992, 1993, 1994 and 1995 tax years. To support its position Holiday cites Section 9(c) of the Act of June 26, 1931, P.L. 1379, *as amended,* 72 P.S. § 5350(c) (Act), which states:

> If a taxpayer has filed an appeal from an assessment, so long as the appeal is pending before the board or before a court on appeal from the determination of the board, as provided by statute, the appeal will also be taken as an appeal by the taxpayer on the subject property for any valuation for any assessment subsequent to the filing of such appeal with the board and prior to the determination of the appeal by the board or court. This provision shall be applicable to all pending appeals as well as future appeals.

Holiday further cites *Wilson Townhouses, Sections I & II v. Berks County Board of Assessment Appeals,* 112 Pa.Cmwlth. 498, 535 A.2d 1226 *appeal denied,* 519 Pa. 670, 548 A.2d 259 (1988), and *appeal denied sub nom. Petition of Wilson School Dist.,* 519 Pa. 670, 548 A.2d 259 (1988), where the Court noted that it has interpreted Section 9(c) of the Act as meaning that so long as an initial assessment appeal remains pending, any subsequent tax year assessments are automatically appealed.

In *Wilson Townhouses* the Court was confronted with a situation very similar to the one in the present case. In reversing the trial court, this Court held that the initial assessment appeal was "pending" within the meaning of Section 9(c) of the Act until the trial court determined that the initial appeal was untimely, which the court had jurisdiction to decide. As a result, assessment appeals for the tax years 1985 and 1986 were automatically included in the appeal and were held to be timely filed. The trial court in the case sub judice did not determine that Holiday's 1991 assessment appeal was untimely until March 28, 1995. As a consequence, under Section 9(c) of the Act, assessment appeals for the tax years 1992, 1993, 1994 and 1995 were automatically included in Holiday's 1991 assessment appeal, and these appeals were therefore timely filed.

In view of the foregoing, the trial court's order is affirmed solely in regard to the untimeliness of Holiday's 1991 assessment appeal. The trial court's order is reversed on all other grounds, and this case is remanded for further appeal proceedings consistent with this opinion.

### ORDER

AND NOW, this 16th day of April, 1996, the order of the Court of Common Pleas of Luzerne County is affirmed as to the dismissal of Appellant's 1991 assessment appeal. The remainder of the court's order is reversed, and this case is remanded for further appeal proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.