John L. Crown, Appellant *v.* The Township of Ross, Appellee.

Robert M. Muchenski, Appellant *v.* The Township of Ross, Appellee.

Daniel M. Daley, Appellant *v.* The Township of Ross, Appellee.

Argued May 3, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Arnold M. Friedman, Friedman and Friedman,* for appellants.

*William W. Milnes, Brandt, Milnes, Rea and Wagner,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 8, 1982:

The factual matrix of these consolidated cases is uncomplicated. By order of August 11, 1980, the Ross Township Civil Service Commission dismissed two of the appellants and suspended one from the township police force. They filed their appeals to the Allegheny

County Court of Common Pleas on October 10, 1980, the fifty-ninth day after the entry of the order, and considered the appeals timely filed under Section 645 of the First Class Township Code (Township Code).[1] Ross Township filed motions to quash the appeals, asserting that 42 Pa. C. S. §5571(b)[2] limited the appeal period to thirty days. The Common Pleas Court granted the motions to quash, determining that the Judicial Code[3] does control. That order is presently before us for adjudication.

Appellants argue to this Court that 53 P.S. §55645 was not either expressly or impliedly repealed by the Judicial Code, and therefore the lower court committed error in quashing their appeals as untimely. It is clear that the Judiciary Act Repealer Act (JARA)[4] does not expressly repeal the pertinent provision of the Township Code, although it repeals approximately 1500 specific statutes or portions thereof, including

---

[1] Act of June 24, 1931, **P.L.** 1206, *as amended,* **53 P.S.** §55645. That section reads, in pertinent part:

> In the event the commission shall sustain the charges and order the suspension, removal or reduction in rank, the person suspended, removed or reduced in rank shall have immediate right of appeal to the court of common pleas of the county and the case shall there be determined as the court deems proper. No order of suspension made by the commission shall be for a longer period than one year. Such appeal shall be taken within sixty days from the date or entry by the commission of its final order and shall be by petition.

[2] 42 Pa. C. S. §5571(b):

> (b) Other courts.—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

[3] 42 Pa. C. S. §§101 *et seq.*

[4] 42 Pa. C. S. §§20001-20004.

over fifty sections of the Township Code. The issue of an implied repealer is not quite so obvious.

Section 1971 of the Statutory Construction Act, 1 Pa. C. S. §1971, requires that:

> (a)   Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

> (b)   Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

In aid of such construction, 1 Pa. C. S. §1939 permits the use of the comments or report of the committee which drafted a statute if such comments were available to the public prior to the consideration of the statute by the legislature. The "Explanatory Memoranda Relating to the Proposed Judicial Code," published in May, 1973, as the Report of the Special Committee on the Judicial Code, points to several changes in the time during which various appeals might be taken, and goes on to say that "30 days is made the uniform time to appeal in all cases except election, probate and execution cases, thereby making 30 days the practically universal appeal period."[5] Thus it would appear that the Judicial Code is an effort to create a uniform system covering appeals, and should be construed to repeal conflicting provisions of the Township Code relating to same.

---

[5] Part B, page 18.

The wording of JARA itself leads to the same conclusion. 42 Pa. C. S. §20002(g) states:

*All other parts of those acts which are specified in this section* and all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act to which this is a supplement. (Emphasis added.)

As previously noted, portions of the Township Code are specified in 42 Pa. C. S. §20002, and, insofar as other sections of the Township Code conflict with the Judicial Code, they too are repealed by JARA.

Order affirmed.

### ORDER

AND Now, this 8th day of September, 1982, the Order of the Court of Common Pleas of Allegheny County is hereby affirmed.