In Re: Appeal of Chartiers Valley School District From Assessment of Property of Development Dimensions International, Inc.

Argued May 3, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Dusty Elias,* with her *Victor R. Delle Donne,* and *David F. Toal, Baskin and Sears, P.C.,* for appellant.

*Thomas J. Dempsey,* with him *William J. Fahey* and *William P. Bresnahan,* for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 8, 1982:

This matter questions the applicability of the appeal period found in the Judicial Code[1] to the provisions of the act governing Assessments in Counties of the Second Class, Act of June 21, 1939, P.L. 626, *as amended,* 72 P.S. §§5452.1-5452.20.

On June 26, 1981, the Board of Property Assessment, Appeals and Review of Allegheny County (Board) rendered a decision reducing the assessment on certain real estate owned by Development Dimensions International (DDI). Some forty-eight days later, on August 13, 1981, the taxing authority, Char-

---

[1] 42 Pa. C. S. §§101 *et seq.*

tiers Valley School District, entered an appeal of that determination to the common pleas court. DDI filed preliminary objections to the appeal, with a concomitant Motion to Quash, asserting that in compliance with Section 5571(b) of the Judicial Code,[2] the appeal should have been filed within thirty days after the Board's decision, and was therefore untimely.

The common pleas court denied the motion based on the content of 72 P.S. §5452.12,[3] which provides for a sixty day appeal period. That order was later amended to include the certification of a controlling issue of law necessary for an interlocutory appeal.

The case *sub judice* involves substantially the same issue as is raised in *Crown v. Ross Township,* 68 Pa. Commonwealth Ct. 588, 449 A.2d 878 (1982).[4] Our analysis therein, that the provisions of the Judicial Code control, governs here. We stated in *Crown* that the Judicial Code constitutes "an effort to create a uniform system covering appeals, and should be construed to repeal conflicting provisions," particularly of those acts to which some reference is made in Section 2 of the Judiciary Act Repealer Act, 42 Pa. C. S.

---

[2] 42 Pa. C. S. §5571(b) :

(b) Other courts.—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other governmental unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

[3] 72 P.S. §5452.12 reads, in pertinent part :

After action on such assessments by the board any taxpayer dissatisfied with the assessment of his property may appeal therefrom to the court of common pleas of the county within sixty (60) days from the date of notice of the assessment, as provided by existing law. . . .

[4] *Crown* involved the First Class Township Code, Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §55101, *et seq.*

§20002(g).[5] *Cf. Borough of West Homestead v. Mesta Machine Co.,* 68 Pa. Commonwealth Ct. 595, 449 A.2d 876 (1982).

### ORDER

AND Now, this 8th day of September, 1982, the Order of the Court of Common Pleas of Allegheny County, dated February 24, 1981, is hereby reversed, and the Motion to Quash filed by Development Dimensions International is hereby granted.

---

[5] 42 Pa. C. S. §20002(g) states:

All other parts of those acts which are specified in this section and all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act to which this is a supplement.