§20002(g).[5] *Cf. Borough of West Homestead v. Mesta Machine Co.,* 68 Pa. Commonwealth Ct. 595, 449 A.2d 876 (1982).

## ORDER

Borough of West Homestead, Petitioner *v.* Mesta Machine Company et al., Respondents.

Borough of West Homestead, Appellant *v.* Mesta Machine Company et al., Appellees.

Argued May 3, 1982, before President Judge CRUMLISH and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

John J. Klein, for appellant.

Anthony J. Basinski, with him Donald C. Fetzko, Richard T. Wentley, and E. W. Seifert, Reed, Smith, Shaw & McClay, for appellee.

OPINION BY JUDGE WILLIAMS, JR., September 8, 1982:

Appellant asks this Court to resolve whether or not an appeal from a final assessment under the Act regulating Assessments in Counties of the Second Class[1] is governed by the provisions of that Act, or by the conflicting provisions of the Judicial Code.[2] We hold that the Judicial Code controls.

---

[1] Act of June 21, 1939, P.L. 626, as amended, 72 P.S. §§5452.1-5452.20.

[2] 42 Pa. C. S. §§101 et seq.

The Board of Property Assessment, Appeals and Review of Allegheny County notified Mesta Machine Company (Mesta) of its determination concerning the final assessments on certain of Mesta's real estate holdings by decision dated February 27, 1981. Mesta did not file its appeal until April 24, approximately fifty-six days later. The Borough of West Homestead intervened, and filed a motion to quash the appeal, asserting that the thirty day appeal period set forth in Section 5571(b) of the Judicial Code, 42 Pa. C. S. §5571(b),[3] had run on March 29. The common pleas court rejected that argument, because 72 P.S. §5452.12[4] was not specifically repealed by the Judiciary Act Repealer Act (JARA),[5] and therefore Mesta had sixty days within which to file its appeal.

Our discussion of the interplay between the First Class Township Code and the Judicial Code, relating to appeal periods, governs this case. *See Crown v. Ross Township,* 68 Pa. Commonwealth Ct. 588, 449 A.2d 878 (1982) wherein we held, quoting Section 2(g) of JARA, 42 Pa. C. S. §20002(g), that "all . . . acts and

---

[3] 42 Pa. C. S. §5571(b):

   (b) Other courts.—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

[4] 72 P.S. §5452.12 reads in pertinent part:

   After action on such assessments by the board, any taxpayer dissatisfied with the assessment of his property may appeal therefrom to the court of common pleas of the county within sixty (60) days from the date of notice of the assessment, as provided by existing law, and it shall be the duty of the court to hear and determine said appeal. . . .

[5] 42 Pa. C. S. §§20001-20004.

parts of acts are hereby repealed insofar as they are in any manner inconsistent with'' the Judicial Code. *Cf. Appeal of Chartiers Valley School District,* 68 Pa. Commonwealth Ct. 592, 450 A.2d 230 (1982).

Mesta argues that even if we find that the Judicial Code governs all appeals from orders, the assessment levied by the Board is not an "order" as contemplated by 42 Pa. C. S. §5571(b), and it attempts to distinguish between the issuance of an "order" and the "assessment" of property. We find no basis for such a distinction. The action taken by the Board in assessing property is a "determination" as defined in 42 Pa. C. S. §102:

> Action or inaction by a government unit which action or inaction is subject to judicial review by a court under section 9 of Article V of the Constitution of Pennsylvania or otherwise. The term includes an order entered by a government unit.

From that determination, the aggrieved party files an "appeal," a

> petition or other application to a court for review of subordinate governmental determinations.

42 Pa. C. S. §102. In holding that the appeal in this instance should have been filed within thirty days of the entry of the assessment decision, we hereby reverse the order of the common pleas court.

### Order

And Now, this 8th day of September, 1982, the Order of the Court of Common Pleas of Allegheny County, dated November 6, 1981, is hereby reversed, and the Motion to Quash Appeal filed by Intervenor Borough of West Homestead is granted.