462 A.2d 673

**In re Appeal of CHARTIERS VALLEY SCHOOL DISTRICT FROM ASSESSMENT OF PROPERTY OF DEVELOPMENT DIMENSIONS INTERNATIONAL, INC.**

**Appeal of CHARTIERS VALLEY SCHOOL DISTRICT.**

**John L. CROWN, Appellant,**

**v.**

**The TOWNSHIP OF ROSS, Appellee.**

**Robert M. MUCHENSKI, Appellant,**

**v.**

**The TOWNSHIP OF ROSS, Appellee.**

**Daniel M. DALEY, Appellant,**

**v.**

**The TOWNSHIP OF ROSS, Appellee.**

Supreme Court of Pennsylvania.

Argued May 26, 1983.

Decided July 11, 1983.

Reargument Denied Sept. 30, 1983.

Thomas J. Dempsey, Robert L. Federline, Arnold Friedman, Richard T. Wentley, Pittsburgh, for appellants.

William J. Fahey, Pittsburgh, for appellee Appeal and Review Bd.

Vincent A. Tucceri, Pittsburgh, for appellee Tp. of Collier.

Victor R. Delle Donne, Burton D. Morris, Pittsburgh, for appellee Dimensions Intern., Inc.

William P. Bresnahan, Pittsburgh, for appellee Allegheny Co.

William W. Milnes, John J. Klein, Pittsburgh, for Tp. of Ross.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

McDERMOTT, Justice.

We have before us the consolidated cases of *Appeal of Chartiers Valley,* No. 19 W.D. Appeal Docket 1983; *John L. Crown v. Township of Ross,* No. 20 W.D. Appeal Docket 1983; *Robert M. Muchenski v. Township of Ross,* No. 21 W.D. Appeal Docket 1983; and, *Daniel M. Daley v. Township of Ross,* No. 22 W.D. Appeal Docket.[1] The common issue presented by these cases is whether the thirty day period set forth in Section 5571(b) of the Judicial Code,[2] 42 Pa.C.S.A. § 5571(b), defines the appeal period of all statutory appeals, regardless of specific provisions contained in individual statutes.

The appeals of Crown, Muchenski, and Daley (Nos. 20, 21 and 22) involve Section 645 of the First Class Township Code,[3] 53 P.S. § 55645. That section provides, that in an appeal from a Civil Service Commission decision, which involves the suspension, removal or reduction in rank of a policeman or fireman, "[S]uch appeal shall be taken within sixty days from the date of entry by the commission of its final order." *Id.*

These appellants were either suspended or removed from the police force of the Township of Ross. In each case, appeals were filed to the Court of Common Pleas of Allegheny County. The appeals were filed more than thirty days, but less than sixty days, after the date of entry of the

1. An additional case, *Mesta Machine Company v. Borough of West Homestead,* No. 24 W.D. Appeal Docket 1983, was originally consolidated with these cases, but was subsequently removed at the request of the appellant therein.

2. Act of July 9, 1976, P.L. 586, No. 142 § 2.

3. Act of June 24, 1931, P.L. 1206, art. VI as amended by Act of June 3, 1971, P.L. 133, No. 6 § 1, 53 P.S. § 55645.

Commission's orders.[4] *The court of common pleas quashed the appeals.*

The Commonwealth Court, in an unanimous decision, per Williams, J., affirmed.[5] Upon petition to this Court, we granted allocatur.

The appeal of Chartiers Valley School District raises the same issue in a different factual context. On June 26, 1981, the Board of Property Assessment, Appeals and Review of Allegheny County, reduced the assessment of property owned by Development Divisions International, Inc. On August 13, 1981, forty-eight days later, Chartiers Valley School District filed an appeal from the reduced assessment to the Court of Common Pleas of Allegheny County.

The property owner filed a motion to quash this appeal, asserting that the appeal was untimely under Section 5571(b) of the Judicial Code, 42 Pa.C.S.A. § 5571(b). Appellant contended that the appeal period in tax assessment cases was controlled by Section 518.1 of the General County Assessment Law,[6] 72 P.S. § 5020–518.1, and Section 12 of the Assessment in Counties of Second Class Act,[7] 72 P.S. § 5452.12. Both sections provided for a sixty day appeal period. The motion to quash was denied.

On appeal the Commonwealth Court reversed, relying on their opinion in *Crown v. Ross Township,* 68 Pa.Cmwlth. 588, 449 A.2d 878 (1982) and ordered the appeal quashed.[8] Upon

4. Appellants Crown and Daley were dismissed, and appellant Muchenski was suspended, on February 11, 1980, by official action of the Board of Township Commissioners of the Township of Ross. After hearings on May 27, 31, June 1, 3, 7, 10, 12, 18, 19, 25, 28 and 30, 1980, the Commission entered orders sustaining the decisions of the Board of Commissioners. The Commission's orders were entered on August 11, 1980. Appellants filed their appeals on October 9, 1980.

5. *Crown v. Ross Township,* 68 Pa.Cmwlth. 588, 449 A.2d 878 (1982).

6. Act of May 22, 1933, P.L. 853 § 1 et seq., as amended.

7. Act of June 21, 1939, P.L. 626 § 1 et seq., as amended.

8. *In re Appeal of Chartiers Valley School District,* 68 Pa.Cmwlth. 592, 450 A.2d 230 (1982).

petition to this Court, we granted allocatur, and ordered this case consolidated with the appeals of *Crown, et al.*

The Judicial Code was created by the Judiciary Act of 1976, which, in conjunction with the Judiciary Act Repealer Act (JARA)[9] and the Judiciary Act Repealer Act of 1980 (JARA 80), represented "the culmination of a ten year effort to achieve the first complete judicial codification in Pennsylvania's history." 42 Pa.C.S.A. §§ 101 to 1700, p. vii (1981).

Although the Judicial Code was enacted in 1976, it did not take effect until June 27, 1978, the effective date of JARA. The primary purpose of JARA (and the subsequent JARA 80), was to repeal those statutes which had been supplanted by the Code. To this end, Section 2(a) of JARA, 42 Pa.C.S.A. § 20002(a), expressly repealed parts or all of more than 1500 statutes, comprising approximately 6000 sections of Purdon's Pennsylvania Statutes, enacted between 1700 and 1977. In addition to this express repealer, Section 2(g), 42 Pa.C.S.A. § 20002(g) provided:

> All other parts of those acts which are specified in this section and all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act to which this is a supplement.

Appellants argue that Section 5571(b) is inapplicable where a specific appeal period has been provided by an applicable statute, and that statute has not been specifically repealed.[10] Section 5571(b) of the Judicial Code, 42 Pa.C.S.A. § 5571(b) provides:

> § 5571. Appeals generally
>
> .    .    .    .    .

**9.** Act of April 28, 1978, P.L. 202, No. 53 § 1 *et seq.*

**10.** At the times of these appeals, none of the statutory sections herein question had been specifically repealed. However, since that time, the sixty day appeal period in Section 518.1 of the General County Tax Assessment Act, 72 P.S. § 5020–518.1, and Section 12 of the Assessment in Counties of Second Class Act, 72 P.S. § 5452.12, were repealed. *See* Act of Dec. 20, 1982, P.L. 1409 No. 326, art. III §§ 302; 305.

(b) Other courts. Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within 30 days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.

Given the overriding purpose of the Judicial Code, the obvious intent of the legislature in enacting this section was to make uniform the appeal period applicable to cases heard by our courts.

Section 1971 of the Statutory Construction Act of 1972,[11] 1 Pa.C.S.A. § 1971 provides:

§ 1971. Implied repeal by later statute

(a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system governing the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

(b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

Clearly, under this section, Section 5571 accomplished the implied repeal of the sixty day sections relied upon by appellants, and the fact that these sections were not specifically repealed is of no consequence. Thus appellants' arguments must fail.[12]

**11.** Act of December 6, 1972, P.L. 1339, No. 290 § 3.

**12.** Appellant, Chartiers Valley School District, raised an additional argument, i.e., that the tax assessment board was not a "government unit" within 42 Pa.C.S.A. § 5571(b), and therefore was not affected by the thirty day appeal mandate. This argument is wholly meritless. A tax assessment board, as created by 72 P.S. § 5452.1, clearly falls within the definition of government unit as that term is defined 42 Pa.C.S.A. § 102.

We therefore affirm the order of the Commonwealth Court.

NIX, J., did not participate in the consideration or decision of this matter.

LARSEN, J., dissents and would make the majority result prospective only.