In Re: Michael Foraker Appeal of Dismissal by Norristown Police Dept. Michael Foraker, Appellant.

Argued December 13, 1985, before Judges CRAIG and COLINS, and Senior Judge KALISH, sitting as a panel of three.

*John Alden,* for appellant.

*Paul C. Vangrossi,* Solicitor, for appellee.

OPINION BY JUDGE COLINS, January 24, 1986:

Michael Foraker (appellant) was dismissed from his position as a police officer by the Norristown Police Department. He appealed the dismissal to the

Civil Service Commission of the Borough of Norristown, which subsequently upheld the dismissal in a decision dated July 21, 1982. Appellant then appealed the decision of the Civil Service Commission to the Court of Common Pleas of Montgomery County on September 20, 1982. This appeal was dismissed as untimely, and an appeal to this Court followed.

The sole question presented by this case is whether the provisions of Section 46191 of The Borough Code,[1] allowing sixty days in which to file an appeal, have been impliedly repealed by §5571 of the Judicial Code,[2] which establishes a uniform thirty day appeal period for all statutory appeals.

Section 46191 of The Borough Code provides, in pertinent part, that "[a]ll parties concerned shall have immediate right of appeal to the Court of Common Pleas of the County . . . [and] [s]uch appeal shall be taken within sixty days from the date of entry by the Commission of its final order. . . ."[3] Section 5571 of the Judicial Code provides:

(b) Other courts.—Except as otherwise provided in subsections (a) and (c), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced within thirty days after the entry of the order from which the appeal is taken, in the case of an interlocutory or final order.[4]

Although the Judiciary Act Repealer Act (JARA)[5] extensively repeals statutes or portions thereof, it is clear that it does not expressly repeal the pertinent provision of The Borough Code, quoted above; therefore, we must decide whether there is an implied repealer.

---

[1] Act of June 3, 1971, P.L. 145, *as amended*, 53 P.S. §46191.

[2] 42 Pa. C. S. §5571.

[3] 53 P.S. §46191.

[4] 42 Pa. C. S. §5571.

[5] 42 Pa. C. S. §§20001-20004.

324

On the issue of implied repeal by later statute, Section 1971 of the Statutory Construction Act of 1972 (Act)[6] states:

> (a) Whenever a statute purports to be a revision of all statutes upon a particular subject, or sets up a general or exclusive system covering the entire subject matter of a former statute and is intended as a substitute for such former statute, such statute shall be construed to supply and therefore to repeal all former statutes upon the same subject.

> (b) Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

In the case of *Crown v. Township of Ross,* 68 Pa. Commonwealth Ct. 588, 449 A.2d 878 (1982), *aff'd sub nom. Appeal of Chartiers Valley School District,* 501 Pa. 620, 462 A.2d 673 (1983), this Court found that the Judicial Code is an effort to create a uniform system covering appeals. In its affirmation of *Crown,* the Supreme Court stated that "[g]iven the overriding purpose of the Judicial Code, the obvious intent of the legislature in enacting this section was to make uniform the appeal period applicable to cases heard by our courts." *Appeal of Chartiers Valley School District,* 501 Pa. 620, 625, 462 A.2d 673, 676 (1983). Since the Judicial Code purports to establish a uniform system for appeal periods heard by the courts, Section 1971 of the Act mandates that all pre-existing local or special statutes on the same class of subjects are impliedly repealed.

In *Crown* we held that Section 55645 of the First Class Township Code, Act of June 24, 1931, P.L. 1206,

---

[6] 1 Pa. C. S. §1971.

*as amended,* 53 P.S. §55645, which provided for a sixty day appeal period, was a conflicting provision on the same subject as §5571 of the Judicial Code, and was therefore impliedly repealed. *See also Federated Department Stores, Inc. Appeal,* 78 Pa. Commonwealth Ct. 346, 467 A.2d 908 (1983); *Chartiers Valley School District Appeal,* 68 Pa. Commonwealth Ct. 592, 450 A.2d 230 (1982), *aff'd,* 501 Pa. 620, 462 A.2d 673 (1983); *Borough of West Homestead v. Mesta Machine Co.,* 68 Pa. Commonwealth Ct. 595, 449 A.2d 876 (1982), *aff'd per curiam,* 502 Pa. 163, 465 A.2d 641 (1983) (we held in all three cases that the Second Class County Assessment Law providing for a sixty day appeal period had been impliedly repealed by Section 5571 of the Judicial Code). A comparison of the language of Section 55645 of the First Class Township Code, 53 P.S. §55645, shows that its language is identical to that found in Section 46191 of The Borough Code allowing a sixty day appeal period. The Borough Code serves the same function as the First Class Township Code, excepting that it is tailored for boroughs. It would indeed be inconsistent if the statutes on the subject of appeal periods were found to be repealed for First Class Townships, but not for boroughs when the statutes are in the same class of subjects. *Crown* is controlling and it must be found that Section 46191 of The Borough Code has been impliedly repealed by Section 5571 of the Judicial Code.

The general repealer of JARA supports this conclusion. §20002(g) of JARA states:

> All other parts of those acts which are specified in this section and all other acts and parts of acts are hereby repealed insofar as they are in any manner inconsistent with this act or the act of which this is a suppelment.[7]

---

[7] 42 Pa. C. S. §20002(g).

The inconsistency between the Judicial Code and The Borough Code mandates the repeal of the inconsistent portion of The Borough Code.

Therefore, we affirm the trial court.

ORDER

AND Now, January 24, 1986, the order of the Court of Common Pleas of Montgomery County, No. 82-14575, dated January 18, 1983, is affirmed.