526 A.2d 1241

Dawn Dougherty and Joseph P. Dougherty, Petitioners *v.* Commonwealth of Pennsylvania, Catastrophe Loss Fund, Respondent.

Argued April 21, 1987, before Judges CRAIG, and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Daniel L. Thistle, Beasley, Hewson, Casey, Colleran, Erbstein* & Thistle, for petitioners.

*Carl Vaccaro,* Deputy Attorney General, with him, *Andrew S. Gordon,* Chief Deputy Attorney General Chief, Litigation Section, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 4, 1987:

Dawn and Joseph P. Dougherty, the petitioners, move for partial summary judgment in this mandamus action brought against the Catastrophe Loss Fund (the

fund) to compel the fund's payment of a portion of a judgment rendered against two physicians.

According to the pleadings, on May 7, 1984, a Philadelphia Court of Common Pleas jury returned a verdict in favor of the petitioners for $465,270.44 against Dr. Osorio, Dr. Hoffmeier, and Frankford Hospital, jointly and with right of indemnification against Dr. Miller, one of that hospital's resident physicians. The trial judge entered judgment notwithstanding the verdict in favor of Dr. Hoffmeier and judgment against the remaining defendants holding them jointly and severally liable. The Superior Court, in a memorandum opinion, reinstated the verdict against Dr. Hoffmeier and affirmed the judgment against Drs. Osorio and Miller. The defendants did not petition for allocatur. Consequently, the hospital, with right of indemnification against Dr. Miller, and Drs. Osorio and Hoffmeier, are respectively liable to the petitioners for a one-third share, namely $155,090.21 each.

Insurers of the hospital and Dr. Miller will satisfy that one-third share of liability; private primary insurers have paid $100,000 each for Drs. Osorio and Hoffmeier. The petitioners now seek the remaining $55,090.21 from Drs. Osorio and Hoffmeier ($110,180.42 total) plus post-judgment interest and possible delay damages from the fund as a secondary insurer under the Health Care Services Malpractice Act, Act of October 15, 1975, P.L. 390, *as amended,* 40 P.S. §§1301.701-1301-.811.

In an unreported opinion filed on February 26, 1986, this court overruled the fund's preliminary objections to the petitioners' complaint seeking a writ of mandamus. We now consider the petitioners' motion for partial summary judgment.

This court may grant summary judgment only when the moving party has established that there remains no genuine issue of material fact and that it is entitled to

judgment as a matter of law. *Peters Township School Authority v. United States Fidelity and Guaranty Co.,* 78 Pa. Commonwealth Ct. 365, 467 A.2d 904 (1983). Our review of the pleadings reveals that the parties are in agreement as to the facts of this case. Accordingly, we must determine if the petitioners are entitled to mandamus as a matter of law.

Mandamus is an extraordinary remedy designed to compel official performance of a ministerial act or mandatory duty where there exists a clear legal right in the petitioner, and a corresponding duty in the respondent, and want of any other adequate remedy at law. *Allegheny County v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985).

The petitioners claim "a clear legal right" to receive payment from the fund based on section 701 of the Health Care Services Malpractice Act, which provides, in pertinent part:

> (d) There is hereby created a contingency fund for the purpose of paying all awards, judgments and settlements for loss or damages against a health care provider entitled to participate in the fund as a consequence of any claim for professional liability brought against such health care provider as a defendant or an additional defendant to the extent such health care provider's share exceeds his basic coverage insurance in effect at the time of occurrence . . . .
>
> . . . .
>
> (e)(2) . . . All claims shall be computed on August 31, 1981 for all claims which become final between January 1, 1981 and August 31, 1981 and annually thereafter on August 31 for all claims which became final between that date and September 1 of the preceding year. All such claims shall be paid on or before December 31

following the August 31 by which they became final, as provided above. . . .

The fund argues that the petitioners have no right to payment under the act because one of the conditions precedent to the fund's duty to pay—that a claim presented to it be "final"—has not been satisfied. The petitioners' motion and the fund's response indicate that the petitioners' claim for delay damages has not yet been resolved; the total amount which the petitioners seek from the fund may, therefore, increase depending on the trial court's decision as to damages. The petitioners request that this court order the fund to pay the amount claimed under the affirmed trial court judgment, including interest on the judgment, and also retain jurisdiction to compel further payment if the trial court awards delay damages against the private defendants.

The issue, therefore, is whether a claim based on a trial court judgment may be considered "final" under the terms of the Health Care Services Malpractice Act if, although the claimants have exhausted appellate review of that judgment, the trial court, in an ancillary proceeding, has not yet resolved the petitioners' claim for delay damages.

The crucial language, in section 701(e)(2) of the Act, provides that claims shall be paid on or before December 31 of each year following the August 31 by which they become "final." Final is defined as "[l]ast; conclusive; decisive; definitive; terminated; completed." Black's Law Dictionary 567 (5th Ed. 1979). We must interpret section 701(e)(2) as mandating that the fund pay only those claims which are conclusive with regard to the underlying incident of malpractice. The petitioners' interpretation of section 701(e)(2), which would allow the piecemeal payment of claims in steps leading to the final payment of the total claim, is inconsistent with the plain meaning of section 701(e)(2).

The petitioners' claim is based on the excess of the respondents' liability over their primary insurance coverage. The whole amount of liability has not been definitively established because of the parties' dispute over delay damages. Consequently, because the petitioners' claim does not conclusively, definitively or decisively establish the fund's total liability, we cannot say that it is final.

Because the petitioners' claim is not one which has been made final, the fund's duty to pay has not yet arisen under section 701 of the Health Care Services Malpractice Act.

As determined in the aforementioned unreported decision filed earlier in this case, the law of the case is that (1) the fund is not immune from liability to pay in accordance with the statute, and (2) because the fund's own regulations provide an administrative remedy only for insurers and not for claimants, the doctrine of exhaustion of administrative remedies does not bar the claimants from having recourse to a judicial remedy if the fund fails to comply with the law. However, if the amount of delay damages is entirely and finally settled before August 31, 1987, this court would anticipate that the fund's routine and proper administrative processing would then satisfy the fund's liability to these petitioners before December 31, 1987.

The appropriate action for this court at the present juncture would appear to be the retention of jurisdiction, while disposing of the motion immediately before the court.

Accordingly, the motion for partial summary judgment is denied.

## ORDER

NOW, June 4, 1987, the petitioners' motion for partial summary judgment is denied.