## DePaul v. Zoning Hearing Board of the Township of Abington

*Harold D. Borek,* for plaintiffs.
*John T. Acton,* for defendants.

SALUS, *J.*, May 9, 1988 — Plaintiffs, Daniel DePaul and Helen DePaul, appeal the March 16, 1988 order of this court by which defendants' motion for reconsideration was granted thus dismissing plaintiffs' action for mandamus relief and sustaining defendant board's decision based on plaintiff's failure to effect a timely appeal from the decision of the Zoning Hearing Board of the Township of Abington pursuant to the applicable appeal provisions of the Judiciary Code, 42 Pa. C.S. §§5571 and 5572.

### HISTORY

On July 5, 1983 plaintiffs, Daniel and Helen DePaul, husband and wife, owners of 2943 Old Welsh Road, Willow Grove, Abington Township, Montgomery County, Pa., submitted an application

for a use variance before the Zoning Hearing Board of Abington Township requesting a multiple dwelling on their property, on which two single family dwellings were already located in an "H" residential district. After due advertisement, a public hearing was held before the board on August 16, 1983. Thereafter, the board rendered a written opinion and order denying the application on August 23, 1983, seven days following the public meeting, upon a finding that the applicants had failed to show a hardship.

On September 21, 1983, 29 days after the rendering of the board's decision, the board mailed a copy of its order to plaintiffs' attorney. Plaintiffs' attorney received the order on September 23, 1983, 31 days after the rendering of the board's decision and 39 days after the final public board hearing on plaintiffs' application.

On October 11, 1983 plaintiffs filed a complaint in mandamus against defendants seeking mandamus relief directing defendant board to issue building and/or zoning permits as necessary consistent with the application made by plaintiffs to defendant. Plaintiffs based their entitlement to relief upon the Pennsylvania Municipalities Planning Code, as amended, 53 P.S. §10908(10), on the theory that the board's order was mailed later than one day following the date of rendering of the order which plaintiffs assert created a deemed approval of their application. Thereafter, this matter without discovery was praeciped for the civil trial list on April 30, 1986. Plaintiffs and defendants stipulated as to the facts and submitted the issue in this matter to this court upon the filing of briefs and oral argument.

By order of September 17, 1987 this court granted plaintiffs' mandamus relief and defendant board was directed to grant relief to plaintiffs as requested

by their application. Defendants' subsequent motion for reconsideration was denied by our order of September 29, 1987. Pursuant to the remand of defendants' appeal from the Commonwealth Court by their order of February 16, 1988, argument on defendants' motion for reconsideration was scheduled for March 3, 1988. Thereafter, by order dated March 16, 1988 this court granted defendants' motion for reconsideration thereby dismissing the mandamus relief sought by plaintiffs and sustaining defendant board's decision as to plaintiffs' application for a use variance. Plaintiffs' instant appeal to the Commonwealth Court thereafter followed.

## DISCUSSION

The issues presented by this appeal are: (1) whether the provisions of 53 P.S. §10908(10), providing for personal delivery or mailing of the board's order and final decision to the applicant not later than the day following its date, is directory or discretionary rather than ministerial or mandatory, and (2) whether the failure of the board to follow this provision thereby extinguished plaintiffs' appeal period and acted as a deemed approval of plaintiffs' application for a use variance.

This court finds that the controlling case law interpreting 53 P.S. §10908(10) provides that the section is directory rather than mandatory and that the board's conduct neither acted as a deemed approval nor extinguished plaintiffs' applicable appeal period pursuant to the Judiciary Code, 42 Pa. C.S. §§ 5571 and 5572.

It is plaintiffs' argument in this matter that the Pennsylvania Municipalities Planning Code, 53 P.S. §10908(10), which provides for the supplying of the board's decision the day following the rendering of

that decision, is a mandatory provision in light of the fact that the board extinguished plaintiffs' appeal period by mailing notice of its decision to plaintiffs' counsel 29 days subsequent to the rendering of the decision, and which decision was not received until 31 days after the rendering of the decision. In support of their proposition that even within a statutory framework providing extensive administrative procedures for adjudication of the merits, mandamus is a proper remedy for implementing an approval deemed to issue when a mandatory action, such as the notice of a zoning hearing board decision, transcended a time limitation, plaintiffs cite as authority the line of Pennsylvania Supreme Court cases of *Blank v. Board of Adjustments,* 390 Pa. 636, 136 A.2d 695 (1964); *Humble Oil Refining Co. v. East Lansdowne Borough,* 424 Pa. 309, 227 A.2d 644 (1967); and *Garchinsky v. Clifton Heights Borough,* 437 Pa. 312, 263 A.2d 467 (1970).

Plaintiffs argue that this line of cases stands for the principle that where a mandatory act is not accomplished and the applicant's appeal period is thereby extinguished, there is a deemed approval or action in favor of the applicant. Applying this theory to the instant facts, plaintiffs point to 53 P.S. § 10908(10) which provides in pertinent part:

"A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the date following its date . . ."

Plaintiffs assert that not only has defendant board failed to mail their final decision on plaintiffs' application "the date following its date," but delivery of same some 31 days following the rendering of the board's decision effectively extinguished plaintiffs' appeal period which plaintiffs assume to be 30 days from the rendering of the board's decision.

Plaintiffs, however, are incorrect both as to their interpretation of MPC §908(10) and as to the applicable appeal period from the decision of the zoning hearing board. While MPC §908(9) does provide that the rendering of the decision of the board shall be within 45 days of the last board meeting on the application and, as such, is a mandatory provision, section 908(10) has repeatedly been held to be a discretionary provision with the failure to follow not being considered a deemed approval of the application.

Firstly, plaintiffs' reliance on the above-cited line of Supreme Court cases is entirely misplaced as there are numerous Commonwealth Court cases which have not been overturned or distinguished by the Supreme Court, which are directly on point and clearly hold that MPC §908(10) is discretionary and directory rather than ministerial or mandatory.

The controlling law with respect to these provisions is set forth in detail in *Limekiln Golf Course Inc. v. Zoning Board of Adjustments*, 1 Pa. Commw. 499, 275 A.2d 896 (1971), where the Commonwealth Court held the following:

"As hereinbefore stated, the appellant raises the issue as to what consequence should flow from the zoning board's failure to deliver or mail a copy of its decision not later than the day following its date. Its contention is that such failure should require that 'the decision shall be deemed to have been rendered in favor of the applicant.' The pertinent provisions of the code are at sections 908(9) and 908(10):

" '(9) The board . . . shall render a written decision . . . within 45 days . . . where the board has power to render a decision and the board . . . fails to render the same within the period required by this clause, the decision shall be deemed to have been rendered in favor of the applicant.

" '(10) A copy of the final decision or, where no decision is called for, of the findings shall be delivered to the applicant personally or mailed to him not later than the day following its date . . .'

"This board's decision was mailed five days after the date appearing thereon. . . . Nevertheless, we have no hesitancy in concluding that the delivery or mailing requirement of clause (10) is directory rather than mandatory. An instructive discussion of the rules and aids to construction relative to this subject is contained in *Commonwealth ex rel. Kelley v. Pommer*, 330 Pa. 421, 199 Atl. 485 (1938); however, a time-honored form of the rules to be applied is 'that whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required.' See *Diebert v. Rhodes*, 291 Pa. 550, 140 Atl. 515 (1928). The essence of clauses (9) and (10) of section 908 is the filing of the report within the time fixed in clause (9), not the giving of notice. We are not unmindful that zoning procedures are to be strictly followed; but if the statutory provision in question is simply intended to promote dispatch and if non-compliance does not injure the landowner, the provision is to be construed as directory. See *Appeal of Baldwin*, 153 Pa. Super. 35, 33 A.2d 773 (1943). We do not believe that the Legislature intended the severe stricture of clause (9) to follow from a failure to observe the letter of clause (10) not only because the alternative consequence of decision for the applicant is not included in the latter, but also because a consequence protective of the applicant is otherwise provided. The appeal period does not commence to run until issuance of notice of the decision or report of the board." *Id.* at 511-3, 275 A.2d at 903-4.

This holding was followed in the subsequent Commonwealth Court cases of *Heisterkamp v.*

*Zoning Hearing Board of the City of Lancaster*, 34 Pa. Commw. 539, 383 A.2d 1131 (1978); *Carl Packard v. Commonwealth*, 57 Pa. Commw. 322, 426 A.2d 1220 (1980) and most recently in *Vacca v. Zoning Hearing Board of Borough of Dormont*, 82 Pa. Commw. 192, 475 A.2d 1329 (1984) where the court again citing *Heisterkamp* held that section 908(10) is merely directory rather than mandatory and the board's failure to comply strictly with its terms does not mandate a decision in the applicant's favor.

Thus, it is clear upon review of the law on point, that section 909(10) is discretionary and not mandatory and that there is no deemed approval for failure to deliver or mail the board's decision the day following its date. Additionally, as the board's decision of August 23, 1983 was rendered seven days following the last board meeting on the application, the provision of 908(9) providing for the rendering of a decision within 45 days following the last meeting has been met and there is likewise no deemed approval.

Lastly, it is plaintiffs's contention that the above-cited line of Supreme Court cases are controlling authority in light of the board's tardiness in mailing notice which was not received until 31 days following the rendering of the board's decision which, plaintiffs assert, extinguished their period of appeal. This argument, however is totally unsupportable and the Supreme Court cases inappropriate. Plaintiffs' appeal period had not been extinguished by the board's action for, in fact, the appeal period had not begun to run until the board mailed their final order to plaintiffs on September 21, 1983.

The Judiciary Code, 42 Pa. C.S. 5571(b) provides that:

"Except as otherwise provided in subsections (a) and (b), an appeal from a tribunal or other government unit to a court or from a court to an appellate court must be commenced *within 30 days after the entry of the order* from which the appeal is taken, in the case of an interlocutory or final order." (emphasis supplied)

Neither subsections (a) or (b) to section 5571 have any applicability to this instant matter.

In 42 Pa. C.S. §5572 it is further provided that:

*"The date of service* of an order of a government unit, *which shall be the date of mailing* if service is by mail, *shall be deemed to be the date of entry of the order* for the purposes of this subchapter." (emphasis supplied)

Consequently, under the provisions of sections 5571 and 5572, an appeal must be filed within 30 days after "entry" of the order from which the appeal is taken. An order is "entered" when it is served, which normally will be the date the decision is mailed to the parties.

Therefore, plaintiffs in this matter had 30 days from the date of the mailing of defendant board's order of September 21, 1983, which is deemed to be the date of entry of the order pursuant to section 5571, in which time to appeal the decision of the board to the Court of Common Pleas.

Both the Pennsylvania Supreme Court and the Commonwealth Court have held that sections 5571 and 5572 replace and repeal all other applicable case law and statutes. *Appeal of Chartiers Valley School District from Assessment of Property of Development Dimensions Intern. Inc.,* 501 Pa. 620, 462 A.2d 673 (1983); *In re Foraker,* 94 Pa. Commw. 322, 503 A.2d 1024 (1986). Additionally, these sections have been upheld by the Commonwealth Court even though providing for the date of mailing

of the order or decision as the date of entry of the order and the beginning of the 30-day appeal period in effect allows for potentially differing time periods for appeal of such orders depending upon when a particular applicant received the mailed notice of the decision. *Windrick v. Commonwealth,* 80 Pa. Commw. 401, 471 A.2d 924 (1984).

## CONCLUSION

Plaintiffs in this action seek mandamus relief which is an extraordinary writ which will lie to compel official performance of a ministerial act or mandatory duty only where there is a clear legal right in the plaintiffs, corresponding duty on the part of the township board and a lack of any other remedy at law. *Delaware River Port Authority v. Thornburgh,* 508 Pa. 11, 493 A.2d 1331 (1985); *Dougherty v. Commonwealth Catastrophe Loss Fund,* 106 Pa. Commw. 424, 526 A.2d 1241 (1987).

As the controlling case law clearly evidences, the mandatory duty on the part of the board is to render its decision within 45 days of the last board hearing on the application. 53 P.S. 10908(9). Defendant, Zoning Hearing Board of Abington Township, has fulfilled this mandatory duty by their rendering of a decision on plaintiffs' application on August 23, 1983, which is only seven days after the last meeting. The applicable case law also clearly shows that the provision in section 908(10) for mailing of the decision the day after its date is not a mandatory provision. Consequently, the mailing of the board's decision to plaintiffs' counsel on September 21, 1983, 29 days following the rendering of the decision, was wholly proper and timely and did not extinguish plaintiffs' time period for appeal as same only began to run with the mailing of the decision to

the parties. The protection available to plaintiffs under the M.P.C. and applicable statutes was to appeal the decision within 30 days from the mailing of the decision. Judiciary Code, 42 Pa. C.S. §§ 5571 and 5572. As plaintiffs did have the opportunity to appeal, they had an appropriate and adequate remedy under the law of which they failed to take advantage.

Therefore, plaintiffs have failed to carry their burden of establishing a mandatory duty to plaintiffs breached by defendants, a clear right on the part of plaintiffs to mandamus relief and a want of any other appropriate and adequate remedy at law. Consequently, this court properly denied plaintiffs' request for mandamus relief in this matter and such should be sustained by the Commonwealth Court on plaintiffs' instant appeal.