OPINION BY
SENIOR JUDGE PELLEGRINI
Frederick W. Chapman (Claimant) petitions this Court for review of the Unemployment Compensation Board of Review’s (Board) dismissal of his appeal due to it being untimely filed under Section 502 of the Unemployment Compensation Law (Law).[1] We affirm.
I.
Pursuant to a consulting agreement, Claimant performed work for Khan Academy, Inc. as a mathematics copy editor. When he was informed that his services were no longer needed, he filed an application for unemployment compensation benefits. Claimant’s application was denied by the Service Center and he appealed.
On April 7, 2016, for reasons that are not necessary to set forth, the Referee affirmed the Service Center’s denial of benefits. The Referee’s decision also con *1154 tained a notice that Claimant had 15 days to appeal the decision to the Board[2] and the various ways an appeal could be taken—ie., in person, mail, fax, internet or email.. The information regarding electronic transmission warned:
A party filing an appeal via the Internet or electronic mail is responsible for using the proper format and for delay, disruption or interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.
(Record (R.) Item No. 10, Referee’s Decision/Order dated 4/7/16.)[3]
To file within the required 15 days, Claimant had until April 22, 2016, to appeal the Referee’s decision to the Board. His petition for appeal was transmitted via email on April 22, 2016, purportedly at 11:59:46 p.m., but was not received by the Board’s server until April 23, 2016, at 12:00 a.m. The Department of Labor and Industry’s (Department) regulation set forth at 34 Pa. Code § 101.82(b)(4) provides that for appeals submitted by electronic transmission:
The date of filing is the receipt date recorded by the Department appeal office or the Board’s electronic transmission system, if the electronic record is in a form capable of being processed by that system.
Id. (emphasis added). Because Claimant’s appeal was not received by the Board’s electronic transmission system within 15 days, the Board dismisséd his appeal as untimely.[4] Claimant requested a hearing on the timeliness issue and the Board granted his request.
At the hearing, Claimant presented evidence that he appealed via email and that his Gmail timestamp indicated that the date of mailing was 11:59:46 p.m. on April 22, 2016. When asked why he waited until the last possible moment to file his appeal, he answered:
I went through a number of .steps; tried to prepare my appeal conscientiously. But that’s not the only thing on my plate. I have to—not only do I need to fulfill the requirements for eligibility for benefits by applying for at least two jobs a week and having at least one job search a week, I am doing more than the minimum in order to fincl work sooner.... So, it’s simply that my resources have been stretched very thin between the intricacies of the appeal process and the demands of looking for work in a difficult job market.
*1155 (R. Item No.- 18, Transcript of Testimony—Board’s Remand Hearing held 6/3/16.) The Board again dismissed Claimant’s appeal because under the regulation, the date that an email appeal is received by the Board’s electronic transmission system is the date it is filed which makes a filing on April 23, 2016, at. 12:00 a.m. untimely. This petition for review followed.[5]
II.
A.
Claimant contends that because Section 502 of the Law does not define when an appeal is “filed,” 34 Pa. Code § 101.82(b)(4)' stating that an appeal is filed when received by the Board is invalid because “the prevailing criterion is' the date sent rather than the date received. For example, the Court and the Board both use this criterion for filings submitted by postal mail.”[6] (Claimant’s Brief at 9) (emphasis in original). Claimant then argues that his Google Gmail timestamp, which shows that his appeal was sent at 11:59:46 p.m. on April 22, 2016, should have been sufficient to establish that his appeal was filed on time because an appeal sent by mail is deemed filed when sent as evidenced by the U.S. postmark.
While Claimant is correct that- Section 502 of the Law does not state whether an appeal is “filed” when it is sent or received, Section 203 of the Law gives the Board the power to adopt regulations relating to rules of procedure providing, in relevant part, that: '
It shall be the duty of the board to hear appeals arising from claims for compensation, adopt, amend or rescind such rules of procedure ... as it deems necessary and consistent with this act. Such rules of procedure shall be effective in such a manner as the board shall prescribe and shall not be inconsistent with this act. 43 P.S. § 763(d). Pursuant to this power, the Board adopted regulations that provide that the date an appeal is filed is determined by what method a claimant decides to utilize to take the appeal. Other than filing by mail, this regulation provides that the filing date is determined to be when the item is received. Regarding electronic filing, 34 Pa. Code § 101.82(b)(4) provides that “[t]he date of filing is the receipt date recorded by the Department appeal office or the Board’s electronic transmission system ...”[7]
*1156 Because “[t]he Board is bound to follow its own regulations in determining the perfection date of an appeal,” Edwards v. Unemployment Compensation Board of Review, 162 Pa.Cmwlth. 698, 639 A.2d 1279, 1281 (1994) (citing Costello v. State Employes’ Retirement Board, 141 Pa. Cmwlth. 19, 596 A.2d 260 (991), and the appeal here was untimely, the Board properly found that it was without jurisdiction to hear Claimant’s appeal.
B.
Without saying so, what Claimant appears to be contending is that 34 Pa. Code § 101.82(b)(4) is invalid because there is no rational basis for not accepting a Google Gmail timestamp as evidence that he sent his appeal at 11:59:46 p.m. on April 22, 2016, while accepting a U.S. postmark for mailed appeals.
Taking an appeal by mail gave claimants and employers across the Commonwealth who did not live near a Board office the same access to take an appeal—a .post office. Moreover, unlike private or electronically placed timestamps, U.S. postmarks are accepted under the regulations because they are easy to determine, deemed reliable and are not subject to manipulation. See UGI Utilities, Inc. v. Unemployment Compensation Board of Review, 776 A.2d 344 (Pa. Cmwlth. 2001); see also George v. Unemployment Compensation Board of Review, 767 A.2d 1124, 1128 n.8 (Pa. Cmwlth. 2001), overruled on other grounds by Diehl v. Unemployment Compensation Board of Review (ESAB Group, Inc.), 618 Pa. 592, 57 A.3d 1209 (2012).
The rule that a mailed appeal is filed when it is “sent” has no application to that portion of the regulation involving an electronic filing, which fixes the date of the appeal to when it is “received” by the Board’s electronic transmission system. When this electronic filing method is used, all filers are on equal footing in having access to the electronic filing system. And like filing in person, an eléctronic filing is only perfected when the appeal is received at one of the Board’s offices—not when an appellant began his journey to the Board’s office, when he signed through security, or when he came up to the counter and placed his name on the list to be served. Simply, the filing date is when the Board actually receives the appeal.[8] This is also the same rule as applied by the courts of this Commonwealth in determining when appeals are timely filed.[9]
*1157 Because in adopting 34 Pa. Code § 101.82(b)(4) the Board was acting within its scope as a delegated rulemaking authority and had a rational basis for making the receipt by the Board’s electronic transmission system the operative filing date for when the appeal was deemed filed, the Board properly found that regulation was not inconsistent with Section 502 of the Law.
C.
Claimant also argues that the Board erred by failing to consider the possibility that its own time of receipt of the email appeal as recorded in its computer system could have been inaccurate. Aside from the fact that this argument is purely speculative, it ignores that 34 Pa. Code § 101.82(b)(4) specifically provides that the date an appeal is received is the date it is logged, and that Claimant assumed the risk that his electronically submitted appeal would not be properly time-stamped. In Roman-Hutchinson v. Unemployment Compensation Board of Review, 972 A.2d 1286 (Pa. Cmwlth. 2009), the claimant similarly contended that something in the email system went awry which led to the Department’s failure to receive her timely-sent email appeal. As here, the claimant submitted proof that her appeal was sent within the time limit. Nonetheless, we found that 34 Pa. Code. § 101.82(b)(4) contemplates a malfunction in an email delivery system and places the risk of an untimely filing on the claimant by providing that the party filing an appeal “accepts the risk that the appeal may not be properly or timely filed.”[10]
Claimant should have taken the time to prepare the appeal with more than 14 seconds to be received by the Board’s electronic transmission system. Presciently, an Explanatory Comment for Pa.R.C.P. No. 205,4, relating to the electronic filing and *1158 service of legal papers, also provides that having the filing party assume the risk that an electronically filed document might not be properly filed is: :
[B]ased upon the concern that the immediacy of the electronic transfer of legal papers may foster increased dependency upon last-minute preparation and filing, leaving insufficient time in which to remedy either a deficiency in the legal paper being filed or the inability to effectuate the filing. ■ • •
Explanatory Comment—1999, Pa.R.C.P. No. 205.4(e)(1).
Accordingly, for the foregoing reasons, we affirm the Board’s order dismissing Claimant’s appeal as untimely.
ORDER
AND NOW, this 13^ day of June, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned case is affirmed.

. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. § 822.

. Section 502 of the Law states that a referee’s decision is a final decision of the Board "unless an appeal is tiled therefrom, within fifteen days after the date of such decision.....” 43 P.S. § 822. Furthermore, 34 Pa. Code § 101.82(a) provides;
A party seeldng to appeal a Department determination shall file an appeal ... on or before the 15th day after the date on which notification of the decision of tire Department was delivered personally to the appellant or mailed to him at his last known post office address.

. This language mirrors the Department of Labor and Industry’s regulation, which provides:
A party filing an appeal by electronic transmission is responsible for using the proper format and for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.
34 Pa. Code § 101.82(b)(4).

. In McClean v. Unemployment Compensation Board of Review, 908 A.2d 956, 959 (Pa. Cmwlth. 2006), we noted that the 15-day time limit was mandatory and “if an appeal is not timely filed within the specified time period, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter.”

. Our review of the Board’s decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. Frazier v. Unemployment Compensation Board of Review, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

. 34 Pa. Code § 101.82(b)(1) provides that the filing date for a written appeal will be determined as follows:
(i) The date of the official United States Postal Service postmark on the envelope containing the appeal....
(ii) If • there is no official United States Postal Service postmark ... the date of a postage meter mark on the envelope containing the appeal.
(iii)If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or die Board when it receives the appeal.

. This Court has held that validly promulgated regulations "have the same force as statutory provisions,” and that regulatory time limits "should be given the same effect as mandatory time provisions appearing in [a] statute, as both serve the useful function of providing for finality in the administrative process.” Mayer v. Unemployment Compensation Board of Review, 27 Pa.Cmwlth. 244, 366 A.2d 605, 607 (1976).

. Even if we could ignore that the regulation provides that an electronic appeal is filed when it is received, and even if we conflate filing by mail with filing electronically, we cannot look backwards to say that Claimant's appeal had to be timely filed because it was received exactly at 12:00 a.m. on April 23, 2016, and, because transmission does not occur instantaneously, the appeal had to be timely sent on April 22, 2016, the last day for timely filing his appeal. In Hanna v. Zoning Board of Adjustment of Pittsburgh, 62 Pa. Cmwlth. 620, 437 A.2d 115 (1981), the issue was whether events subsequent to the mailing of a zoning board decision could serve to calculate the beginning of an appeal period when there was no date of mailing on that decision. We rejected that argument, holding that the time for appeal did not begin to run unless there was a date of mailing on the Board’s decision. We did so because it provided certainly to the appellant regarding when an appeal had to be taken. Id. at 118; see also Schmidt v. Commonwealth of Pennsylvania, 495 Pa. 238, 433 A.2d 456 (1981). The argument we rejected in Hanna is no different than one that says that if a claimant delivered the letter to the post office at 11:59:46 p.m. but it was not postmarked until 12:00 a.m. the following day, it should be considered timely filed.

. If accepted, Claimant’s contention that there is no rational basis to treat electronic filings differently than mail filings will also have an impact on how appeals are taken under the Pennsylvania Rules of Appellate Procedure and a Pennsylvania Supreme Court *1157 order regarding electronic filing. This is because, like the Board’s regulations, except for mailing in certain proscribed circumstances, the day and time notice is received is the date an appeal is taken.
Pa.R.A.P. 905(a)(3) deals with appeals from common pleas court orders to an appellate court. It requires that the appeal be filed with the prothonotary or clerk of that common pleas court and the date of the appeal is ‘‘[u]pon receipt of the notice of appeal the [common pleas] clerk shall immediately stamp it with the date of receipt, and that date shall constitute the date when the appeal was taken ...”
Pa.R.A.P. 1514(a) deals with the filing of an appeal to this Court from an agency such as the Board. Here, the requirements for mailing are more stringent than those contained in the Board’s regulation because a postmark does not fix the date of mailing unless accompanied by United States Postal Service Form 3817, Certificate of Mailing.
The requirement for electronically appealing an agency adjudication is not set forth in the Rules of Appellate Procedure, but instead by an order of our Supreme Court dated January 6, 2014. See In re: Electronic Filing System in the Appellate Courts (Pa., No. 418, filed January 6, 2014). It provides that when a party appeals an agency adjudication electronically, the manner states in I (B) "The electronic filing must be completed by 11:59:59 p.m. EST/EDT to be considered filed that day.” (Emphasis added.) Under our Supreme Court’s order then, it is not when the appeal is transmitted, not when the appealing party gains access to the court’s electronic system, not when the appealing party begins to file the appeal, but only when it is "completed.” Only then will the appeal be considered “received."

. Claimant has not sought a nunc pro tunc appeal and does not specifically allege that there was any sort of administrative breakdown which caused the delay. While he speculates about the possibility that the Board’s date of receipt was inaccurate, even if he made out that claim, the failure of an email transmission does not constitute an administrative breakdown. See Zellman v. Unemployment Compensation Board of Review (Pa. Cmwlth., No. 1588 C.D. 2007, 2008 WL 9398816, filed January 31, 2008).