IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith D. Spicknell,                          :
                    Petitioner               :
                                             :
        v.                                   :    No. 1707 C.D. 2018
                                             :    SUBMITTED:  May 17, 2019
Unemployment Compensation                    :
Board of Review,                             :
                    Respondent               :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                                    FILED:  July 23, 2019


        Keith D. Spicknell (Claimant) petitions for review, *pro se*, of the November 2,

2018 Order of the Unemployment Compensation Board of Review (Board), which

dismissed Claimant's appeal as untimely under Section 502 of the Unemployment

Compensation Law (Law).[1]  The Board concluded that Claimant failed to establish that

his late filing of the appeal was the result of fraud, an administrative breakdown, or

non-negligent circumstances.  For the reasons that follow, we affirm the Board's Order.

_____

        [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 822.
Section 502 of the Law provides in relevant part:

        The parties and their attorneys shall be duly notified of the time and place of a referee's
        hearing and of the referee's decision, and the reasons therefor, *which shall be deemed
        the final decision of the [B]oard, unless an appeal is filed therefrom, within fifteen
        days after the date of such decision . . . .*

43 P.S. § 822 (emphasis added).

## **Background**

On August 7, 2018, the Referee issued a decision unfavorable to Claimant. Bd.'s Finding of Fact (F.F.) No. 1.[2] Claimant received the Referee's decision before the 15-day appeal deadline. *Id.* No. 2. Claimant was required to file his appeal with the Board by August 22, 2018. *Id.* No. 3. Claimant filed his appeal via e-mail on August 23, 2018. *Id.* No. 4.

Claimant hired an attorney to file his appeal, but the attorney did not file the appeal on time for unknown reasons. *Id.* No. 5. Claimant was neither misinformed nor misled by the UC authorities regarding his right to appeal. *Id.* No. 6.

By letter dated August 29, 2018, the Board notified Claimant that his appeal was untimely. Record (R.) Item No. 13. On September 17, 2018, Claimant submitted a written request for a hearing on the issue of timeliness. R. Item No. 14. On September 21, 2018, the Board remanded the matter to the Referee "to schedule a hearing for the purpose of providing [Claimant] with an opportunity to testify regarding" the timeliness of the appeal. R. Item No. 16.

---

[2] Claimant was on a medical leave of absence from his employment with Apple Inc. (Employer). Employer asked Claimant to participate in a video chat to discuss possible medical accommodations for Claimant and told him he could e-mail his responses if he did not feel comfortable speaking on video. Ref.'s Order, 8/7/18, at 2. Claimant never responded to Employer's request for a video chat, instead sending Employer a "farewell e[-]mail." *Id.*

In the August 7, 2018 Order, the Referee determined that Claimant was ineligible for unemployment compensation (UC) benefits under Sections 402(b) and 401(d)(1) of the Law, 43 P.S. §§ 802(b) and 801(d)(1), and assessed a fault overpayment of $11,712 under Section 804(a) of the Law, 43 P.S. § 824(a). Ref.'s Order, 8/7/18, at 4. The Referee found that Claimant voluntarily quit without necessitous and compelling cause and did not make a reasonable attempt to preserve his employment by failing to respond to, or comply with, Employer's request for a video chat. *Id.* at 2. Regarding the fault overpayment, the Referee found that Claimant notified the Department of Labor and Industry that his separation was due to lack of work and, thus, he misrepresented information in order to receive benefits to which he was not entitled. *Id.* at 3.

2

The Referee held the remand hearing on October 12, 2018. At the hearing, Claimant, appearing *pro se*, testified that he sent a text message to his attorney on the morning of August 22, 2018 inquiring about the appeal, and his attorney replied that he would file the appeal that day. Notes of Testimony (N.T.), 10/12/18, at 4.[3] Claimant offered into evidence a printout of this text-message exchange. *Id.*, Claimant's Ex. 1. Claimant presented no further testimony or evidence regarding the circumstances surrounding the filing of the appeal.[4]

After receiving and reviewing the hearing transcript, the Board issued an Order dismissing Claimant's appeal as untimely. The Board concluded:

> [T]here is a lack of evidence in the record as to the reason for the attorney's delay [in filing the appeal]. Without a reason for the delay, [C]laimant has failed to prove that he is entitled to have his appeal treated as if timely filed.
>
> . . . The Board has no jurisdiction to accept an appeal filed after the expiration of the statutory appeal period absent limited exceptions not relevant herein. The filing of [Claimant's] late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellate system, or by non-negligent conduct. . . .

Bd.'s Order, 11/2/18, at 2. Claimant now appeals from that decision.[5]

---

[3] Claimant's text message to his attorney stated, in pertinent part, "I'm following up on my e[-]mail from 8/10[/18], to which I have not yet received a response. I'm wondering about the status of my appeal, and how [w]e might strategize to better argue my position against overpayment of [UC] benefits." The attorney replied, "I'll file it today." N.T., 10/12/18, Claimant's Ex. 1.

[4] After the admission of the text-message exchange, the Referee asked Claimant if there was "anything else [he] wanted to add that [he had] not already provided," to which Claimant replied, "That's everything." N.T., 10/12/18, at 4. Claimant did not call his former attorney as a witness.

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

## Analysis

Section 502 of the Law provides that an aggrieved party has 15 days to appeal a referee's decision to the Board. 43 P.S. § 822; *see* 34 Pa. Code § 101.82(a). If the aggrieved party does not file an appeal within 15 days of the mailing date of the referee's decision, the decision becomes final, and the Board lacks jurisdiction to consider the merits of the appeal. *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 197-98 (Pa. Cmwlth. 2008). An appeal filed even one day after the 15-day appeal deadline is untimely. *Id.* at 198; *see DiBello v. Unemployment Comp. Bd. of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018).

The Board may consider an untimely appeal only in extraordinary circumstances. *Roman-Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009). An appeal *nunc pro tunc* may be allowed where the delay in filing the appeal was caused by fraud, a breakdown in the administrative process, or non-negligent circumstances related to the petitioner, his attorney, or a third party. *Cook v. Unemployment Comp. Bd. of Review*, 671 A.2d 1130, 1131 (Pa. 1996). "[T]he [petitioner] bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson*, 972 A.2d at 1288 n.1.

Here, Claimant's attorney filed the appeal via e-mail one day after the appeal deadline. Bd.'s F.F. Nos. 3, 4; *see* N.T., 10/12/18, Claimant's Ex. 1. Claimant does not dispute that his appeal was untimely. Rather, Claimant maintains that he sent a text message to his attorney on the morning of August 22, 2018, and the attorney replied that he would file the appeal that day. However, Claimant offered no evidence demonstrating that fraud, an administrative breakdown, or non-negligent circumstances caused his attorney to file a late appeal. In fact, Claimant offered no

4

reason whatsoever for the delay. Claimant merely contends that "to the best of [his] knowledge . . . [his] attorney filed the appeal by the deadline of August 22, 2018." Claimant's Br. at 7.

Claimant also asserts, without any citation to legal authority, that a party filing an appeal by e-mail "cannot be held responsible for any technical or electronic issues which may potentially cause a delay." Claimant's Br. at 7. This claim is belied by the Board's own regulation, which provides: "A party filing an appeal by electronic transmission is responsible for using the proper format and *for delay, disruption, interruption of electronic signals* and readability of the document *and accepts the risk that the appeal may not be properly or timely filed.*" 34 Pa. Code § 101.82(b)(4) (emphasis added). Significantly, the Referee's decision mailed to Claimant included this warning regarding e-mailed appeals, stating: "A party filing an appeal via the internet or electronic mail is responsible for using the proper format and for delay, disruption or interruption of electronic signals and readability of the document *and accepts the risk that the appeal may not be properly or timely filed.*" Ref.'s Order, 8/7/18, at 5 (emphasis added).

Finally, Claimant attempts to challenge "the veracity of the date of [the appeal] email's sending." Claimant's Br. at 7. In *Chapman v. Unemployment Compensation Board of Review*, 163 A.3d 1152, 1157 (Pa. Cmwlth. 2017), the claimant argued that the Board erred in failing to consider the possibility that its own time of receipt of the e-mailed appeal, as recorded in its computer system, could have been inaccurate. We rejected this claim, noting: "Aside from the fact that this argument is purely speculative, it ignores that 34 Pa. Code § 101.82(b)(4) specifically provides that the date an appeal is received is the date it is logged, and that *[the c]laimant assumed the risk that his electronically submitted appeal would not be properly time-stamped.*" *Id.*

5

(emphasis added); *see also Roman-Hutchinson*, 972 A.2d at 1289 (stating that "the [Board's] regulation clearly contemplates malfunction in the e[-]mail delivery system and places the resulting risk of an untimely filing on the [c]laimant").

Here, as in *Chapman,* we reject Claimant's contention that he cannot be held responsible for a potential technical issue that may have caused the appeal to be received late. Such argument is purely speculative. Moreover, Claimant does not dispute the authenticity of the e-mailed Petition for Appeal that was entered into the record, which indicates that the appeal was filed at 8:26 a.m. on August 23, 2018. *See* N.T., 10/12/18, at 3; R. Item No. 12.

## **Conclusion**

We conclude that Claimant failed to satisfy his burden of proving extraordinary circumstances justifying a *nunc pro tunc* appeal.[6] Accordingly, we affirm the Board's Order.

_____
ELLEN CEISLER, Judge

---

[6] Claimant devotes the majority of his Petition for Review and his appellate brief to challenging the underlying adjudication of his claim for UC benefits. However, we cannot consider these claims, because, like the Board, this Court lacks jurisdiction to review the merits of an untimely appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Keith D. Spicknell, : 
        Petitioner : 
         : 
        v. : No. 1707 C.D. 2018
         : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

# **O R D E R**

AND NOW, this 23rd day of July, 2019, the Order of the Unemployment Compensation Board of Review, dated November 2, 2018, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge